## ATLANTIC AND BIRMINGHAM RAILWAY COMPANY *v.* KIRKLAND *et al.*

1. The demurrer to the petition was properly overruled.
2. It was error to strike so much of the answer as specifically denied the allegations of the petition, and that portion which set up that petitioners had, by laches, lost the right to an injunction, if any they originally had.
3. The verdict should not have been directed; but the issues made by the specific denials in the answer of the allegations of the petition, and by the plea of laches, should have been submitted to a jury.

Argued May 28,—Decided November 15, 1907.

Equitable petition. Before Judge Parker. Ware superior court. November 12, 1906.

David Kirkland and a number of other individuals and firms brought an equitable petition against the Atlantic and Birmingham Railway Company, to enjoin the defendant from tearing up and abandoning the section of its line of road from the station of Guysie to the town of Nicholls. The substance of the petition was as follows: Kirkland and the other persons are citizens, property-owners, taxpayers, and business men and firms of Nicholls, respectively, conducting manufacturing, mercantile, and divers other kinds of business in said town, to and from which town they receive and ship all the merchandise, supplies, lumber, naval stores, and material handled by them in their respective lines of business. Defendant is a domestic railroad corporation, with its residence and principal office in the city of Waycross, Ware county. About the year 1901 or 1902, the Brunswick and Birmingham Railroad Company owned and operated a line of railroad from Brunswick to Nicholls. At that time this line and the Waycross line of defendant united at Nicholls, making it a junctional point. Subsequently the defendant purchased the property and franchises of the Brunswick and Birmingham Railroad Company, thereby becoming vested with the powers and privileges and being charged with the duties and the obligations of that company; and since said purchase defendant has regularly operated the line from Brunswick to Nicholls, making a junction there with its line from Waycross to Montezuma. Defendant now avows its purpose to abandon that part of its Brunswick line between Nicholls and Guysie, which are about six and a half miles apart; to discontinue

the junction at Nicholls, and establish in lieu thereof a junction at Sessoms, to which point it is now constructing a line from Guysie. Nicholls is an incorporatel town, and no consent has been given by its corporate authorities, or by any one having power so to do, that any change in defendant's line be made within the limits of the town. Nicholls is commercially important, with a population of about one thousand, and is a shipping point for large quantities of naval stores, lumber, and farm products, and has developed rapidly since it has been the junction of the two lines of road of the defendant, and many valuable improvements have been made by petitioners and others upon the faith that it was the junctional point; and should defendant be permitted to abandon its line from Guysie to Nicholls, and discontinue the junction at the latter town, its commercial interests and those of petitioners would be injuriously affected. Sessoms, the proposed new junction, is of no commercial importance. Defendant has erected there depot and warehouse facilities superior to those at Nicholls, and has purchased a large tract of land of several hundred acres, with the purpose to build up a rival town, at the expense of the growth and development of Nicholls, and to its irreparable injury. The articles bought, sold, and manufactured by petitioners are, for the most part, shipped to and from Brunswick, and a direct line from Nicholls to Brunswick is of incalculable advantage to petitioners and to the town of their residence. The proposed abandonment of defendant's line between Guysie and Nicholls would place petitioners about three miles from the new junction at Sessoms, and by such change they will suffer great expense, delay, damage, and annoyance. If the defendant be not enjoined, special injury and damage will be suffered by petitioners, in their businesses, property rights, and investments in the town of Nicholls, by reason of the deterioration in value of their property, and the lessening of profits in their businesses. The Brunswick and Birmingham Railroad Company, when it originally elected to locate its line from Guysie to Nicholls, exhausted its charter as to the location of its line, and defendant, its successor, now has no authority to construct and operate a line from Guysie to Sessoms. On the line between Guysie and Nicholls there are two stations, Dedge and Rigdon. The proposed change will unlawfully deprive both of these places of railroad facilities.

The territory between Nicholls and Guysie is thickly settled, and the people therein trade at Nicholls. Some thirty or forty families reside at the station of Dedge, and a large turpentine distillery is in operation there. If the line between Guysie and Nicholls is torn up, it is probable that the trade of the intervening territory would go elsewhere, and Nicholls would suffer loss thereby. The Brunswick line is operated as a separate division between Nicholls and Brunswick, and Nicholls is not only a junctional, but practically a terminal point, in so far as the Brunswick division is concerned, the passenger-trains from Brunswick going no further than Nicholls, and making connections there with trains from Waycross and Montezuma. A freight-train is operated exclusively between Brunswick and Nicholls. Because of this arrangement train crews and employees of the road reside in or lie over at Nicholls, between runs, or when off duty, and a revenue is derived from these people by business men, hotels, boarding houses, etc., that would be lost with the removal of the junctional or terminal point from Nicholls. Should defendant abandon the road between Guysie and Nichols, and substitute the proposed line between Guysie and Sessoms, petitioners are informed and believe that defendant will then operate the line between Sessoms and Brunswick as a separate division, necessitating the changing of cars at Sessoms, and would not operate through trains, freight and passenger, both from Brunswick to Montezuma and beyond, and from Waycross to Montezuma and beyond, thus leaving Nicholls with one line leading from Waycross to Montezuma, and thus causing delays and pecuniary loss to petitioners and other citizens of Nicholls, on account of the transferring of freight and passengers at Sessoms. Many people board and leave the trains at Nicholls, transact business and spend their money, who would not do so after the proposed change. Ample space for railroad yards can be obtained in Nicholls. If the line between Guysie and Nicholls is not now in suitable condition, it can readily be put in such condition without injury to Nicholls. If to do so should require any cut within the limits of the town, petitioners and the town authorities agree that it should be made. Petitioners had no notice that the line from Guysie to Nicholls was to be abandoned, and the junction at Nicholls changed, until within a few weeks prior to the filing of this petition. They did

know that defendant was building a line from Sessoms to Guysie, which was a lawful undertaking, but they did not know that defendant would attempt to do an unlawful thing by abandoning entirely the present line from Nicholls to Guysie, and the junctional point at Nicholls. The prayer was to enjoin defendants from tearing up, removing, or otherwise abandoning the line from Guysie to Nicholls, and from abandoning or discontinuing the junction at the latter town, and for general relief and process.

The judge granted a temporary restraining order. The defendant filed a demurrer and answer; and petitioners filed a demurrer to the answer. The demurrer to the petition was on the following grounds: (a) The facts alleged do not authorize an injunction; (b) none of the petitioners has such an interest in the subject-matter as will authorize the maintenance of the petition; (c) if defendant is seeking to violate its charter, the State, and not petitioners, is the proper party to apply for an injunction; (d) it is not alleged that petitioners will suffer special injury, differing in kind from what the public would suffer by reason of the contemplated change in defendant's road; (e) the alleged facts would not justify a finding that either petitioners or the town of Nicholls would be damaged by the change. Every paragraph of the petition, except the first and second, was specially demurred to, because the allegations were too general, were mere conclusions of the pleader, etc. In its answer the defendant denied practically all the material allegations of the petition. Among other things, it denied that it was its purpose to remove or abandon any portion of its tracks within the corporate limits of Nicholls, but alleged, on the contrary, its intention to continue the use of all its tracks within the town in their present condition, the same to be used in giving its citizens such facilities as may be profitable and desirable. It denied further that valuable improvements had been made by petitioners, or other citizens of the town of Nicholls, by reason of the fact that such town was an alleged junctional or terminal point; and set up that the property of the town would not be impaired in value if both the Brunswick and Waycross lines should run into the town over the same track between Sessoms and Nicholls for the distance of three miles. It denied that any interest of petitioners or of any citizen of Nicholls would in any way be impaired or damaged if defendant should

abandon and tear up its track between Guysie and Nicholls, and alleged, on the contrary, that the operation of its through trains to Birmingham over the Brunswick and Waycross lines, uniting at Sessoms, and using the same line for the short distance between that point and Nicholls, would give to the petitioners and all citizens of Nicholls all of the benefits from both lines, just as if they entered Nicholls as separate lines. Defendant further denied that petitioners or the town of Nicholls would suffer by the loss of trade, or otherwise, if the contemplated change of its road should be made; and denied that defendant had purchased an extensive tract of land at Sessoms with the purpose to build up a rival town there at the expense of Nicholls. The answer set up the affirmative defense that by reason of the laches of the petitioners in not applying for an injunction while the work of making the change by defendant in its line was openly in progress for a period of about a year, and until after large expenditures of money had been made by defendant in connection therewith, all of which was within the knowledge of petitioners, they had therefore lost the right, if any they originally had, to obtain the injunction sought. Grounds of the demurrer to the answer were in substance: (*a*) It sets forth no reason in law or equity why an injunction should not be granted; (*b*) no such reason was set forth in that portion of the answer wherein it is claimed defendant had a right to tear up and abandon the portion of the line in question because of its bad physical condition, the consequent difficulty of operating it, and the expense necessary to put it in good condition.

On the interlocutory hearing the court refused to grant a temporary injunction. The plaintiffs excepted; and this court affirmed the judgment of the trial judge. On the trial of the case in term, the court below overruled the demurrer to the petition, struck the answer on demurrer, and directed a verdict that the defendant be permanently enjoined as prayed for. The defendant assigns error upon each of these rulings.

*Rosser & Brandon, Crovatt & Whitfield,* and *J. L. Sweat,* for plaintiff in error. *Charles T. Roan, F. Willis Dart, Leon A. Wilson* and *Myers & Parks,* contra.

FISH, C. J. (After stating the facts.)

1. The petition set forth a cause of action. The allegations

thereof were sufficiently specific, and therefore the court did not err in overruling the demurrer thereto. "Where a railroad company to which has been given the power to choose its particula*r* route between designated termini has exercised its discretion in this regard, its power of choice is exhausted, and it can not subsequently change its location without express legislative authority." *Brown* v. *Atlanta & Birmingham Ry. Co.*, 126 *Ga.* 248. The defendant as the successor to the original company locating and constructing the line of road between Guysie and Nicholls, some six and a half miles in length, could not at its mere volition tear up that section of the road and relocate the same at a different place, although the portion of the road sought to be taken up and relocated lay outside the limits of the town or city. Ib. And if petitioners, as they allege, would suffer special damages, not merely as members of the public, but by reason of their residences and the location of their businesses, and investments, and shipments made by them, an action would lie in their names to prevent the tearing up and removal of the road. Ib.

2. It is clear, we think, that the court erred in striking so much of the defendant's answer as specifically denied the allegations of the petition; for even though the petition set forth a cause of action, petitioners could not recover, without proof, if the answer denied the petition, as the burden would then be upon them to prove the case alleged. Neither should that portion of the answer have been stricken which set up an affirmative defense to the effect that petitioners had, by their laches, lost the right, if any they originally had, to an injunction. A party is not entitled to an injunction when, with full knowledge of his rights, he has been guilty of delay and laches in asserting them, and has negligently allowed large expenditures to be made by another party on whom great injury would be inflicted by the grant of the injunction. *Holt* v. *Parsons,* 118 *Ga.* 895; *City of Elberton* v. *Pearle Cotton Mills,* 123 *Ga.* 1. The case should have been submitted to a jury for the determination of the issues made by the specific denials in the answer to the allegations in the petition, and by the affirmative defense set up in the answer. When this case was formerly before this court (126 *Ga.* 246), the judgment affirming the refusal of an interlocutory injunction was based upon the ground that the decision of the trial judge did not rest alone

upon questions of law, but also depended upon certain material issues of fact, on which issues there was conflicting evidence.

*Judgment reversed. All the Justices concur, except Holden, J., who did not preside.*