MILLTOWN LUMBER COMPANY *v.* TOWN OF MILLTOWN *et al.*

ATKINSON, J. 1. At the interlocutory hearing for injunction the judge was authorized to find that the defendant, by valid contracts with certain of the plaintiffs to operate its railroad permanently, upon which the public had acted, and by its conduct in holding itself out to

the plaintiffs and the public as a common carrier, had devoted its road to the public use, and had estopped itself from removing its railroad and discontinuing its operation, and that the threatened and intended removal of the road would work irreparable injury to the plaintiffs. Under these circumstances there was no abuse of discretion in granting an interlocutory injunction.

(*a*) In passing upon the merits of the case at the interlocutory hearing, the judge could consider the status as it existed when he granted the temporary restraining order. See *Byne* v. *Byne*, 54 *Ga.* 257.

2. After the grant of the ex parte restraining order, and prior to the interlocutory hearing, the defendant ceased to operate the railroad. In the order granting the interlocutory injunction, it was provided: " It appears that the defendant company has failed to operate the railroad, under the order heretofore granted, as required by the terms of said order. It is now further ordered, that if after ten days from the date of this order the defendant company still discontinues the operation of the said railroad according to law and in terms of this order, then and in that event it is ordered that " a named person " take charge of all of the physical properties of the railroad necessary for its operation, and that he operate same to the reasonable satisfaction of the interest involved and pending the litigation, unless further ordered to the contrary; . . he may make application for authority to lease any engine or rolling-stock necessary for the operation of the railroad, until the engine now held by the defendant company can be repaired." *Held*: Being authorized to grant an interlocutory injunction, the judge also had authority, under the circumstances, to appoint a receiver in aid of the injunction. Columbian Athletic Club *v.* State, 143 Ind. 98 (40 N. E. 914, 28 L. R. A. 727, 52 Am. St. R. 407) ; 34 Cyc. 23 (3) ; 23 Am. & Eng. Enc. Law, 1016.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and George, J., dissenting, and Gilbert, J., absent on account of sickness.*

BECK, P. J., and GEORGE, J. A line of railroad constructed, owned, and operated by a corporation under charter power conferred upon it by the superior court, and possessing no right to exercise the power of eminent domain or other attribute of sovereignty, is not, by reason of the fact that it carried passengers and freight for the public for hire, nor by reason of the fact that it held itself out to the plaintiff and the public as a common carrier, so impressed with a public use as to bring it within the principle announced in *Leverett* v. *Middle Georgia & Atlantic Railway Co.*, 96 *Ga.* 385 (24 S. E. 154), *Brown* v. *Atlantic & Birmingham Railway Co.*, 126 *Ga.* 248 (55 S. E. 24, 7 Ann. Cas. 1026), and *Atlantic & Birmingham Railway Co.* v. *Kirkland*, 129 *Ga.* 552 (59 S. E. 220). We are unable to agree that the evidence in the record authorized the judge to find that the defendant, by valid and enforceable contracts made with any of the plaintiffs, was bound to operate its railroad for any particular time or permanently, or that by its conduct it was estopped from discontinuing the operation of its road.

Injunction and receivership. Before Judge Thomas. Berrien superior court. February 13, 1919.

*E. K. Wilcox,* for plaintiff in error.

*C. A. Christian* and *R. 'A. Hendricks,* contra.