EDMUND BYNE *et al.*, plaintiffs in error, *vs.* WILLIAM BYNE, defendant in error.

When on application for an injunction, the chancellor grants a temporary restraining order until the hearing, and after this and before the hearing, the defendant violates said restraining order, and takes possession of land in defiance thereof, it is competent for the chancellor at the hearing, though he may refuse the injunction, to direct the sheriff to restore the parties to their *status* at the time the bill was filed.

Injunction. Before Judge GIBSON. Burke county. At Chambers. February 11th, 1875.

The above head-note sufficiently reports this case.

JOHN J. JONES; S. A. CORKER; R. H. CLARK, for plaintiffs in error.

A. M. ROGERS; JOHN T. SHEWMAKE, for defendant.

McCay, Judge.

Under the judgment of the chancellor in this case the defendants in the bill were clearly in contempt of his order.   He so finds, in terms, and declares that the possession ought to be restored, as it was when this bill was filed.   The only question is whether it was competent for the court to take the method he did to enforce his judgment declaring they had violated the injunction.   Ordinarily, the process of attachment for contempt is the mode of enforcing a judgment that an injunction has been violated: Code, sections 4218, 4216.   But we do not see that this remedy is the only remedy.   Section 4213 declares that the court may mould its decrees to meet the exigencies of the case, and to enforce them when rendered.   As a matter of course, the enforcement ought not to be oppressive, but within fair limits we see no limitation of the judge to the process of attachment.   In England there was a writ of assistance by which an officer did just what the sheriff is directed to do here.   We think the defendant has nothing to complain of.   The remedy adopted is less harsh than that of an order of imprisonment, and is perhaps, under the evidence, the one most likely to attain with peace the end sought.   We recognize it as true that the only right of the judge to pass any order turns upon his judgment that the defendants were in contempt.   But we think *that* the judge does distinctly adjudge by his order.   And as we have said, we do not think he is confined to the process of attachment for the enforcement of his judgment.

Judgment affirmed.