UNION STREET-RAILWAY CO. *v.* CITY OF SAGINAW.

1. RECEIVERS—STREET RAILWAYS—MORTGAGES.

A receiver may be appointed to take possession of the property of a street-railway company, with power to operate the road, and to borrow money to pay paving taxes which the company is confessedly unable to pay, and for the nonpayment of which the city threatens to enforce a forfeiture of the company's rights in the streets, upon the application of a mortgagee, who agrees, for the sake of preserving the property, to advance, upon the receiver's certificates, the money necessary to pay the tax.

2. SAME—EQUITY PLEADING—CROSS-BILL.

A mortgagee of street-railway property may, in injunction proceedings by the railway company to prevent the city from revoking its franchise granting it privileges in the streets, file a cross-bill asking for the appointment of a receiver of the property, with power to operate the road, and to borrow money to enable it to meet expenditures required by the terms of its franchise, so as to preserve the property; the subject-matter being substantially the same as that set up by the original bill, and the relief sought being germane.

Appeal from Saginaw; Snow, J. Submitted November 3, 1897. Decided December 15, 1897.

Bill by the Union Street-Railway Company of Saginaw to restrain the city of Saginaw from removing complainant's tracks from the streets. The Boston Safe-Deposit & Trust Company, mortgagee, was admitted as a party defendant, and filed a cross-bill asking the appointment of a receiver of complainant's property. From a decree for defendant in accordance with the prayer of the cross-bill, complainant appeals. Affirmed.

*De Forest Paine* (*Wm. G. Gage*, of counsel), for complainant.

*Humphrey & Grant* (*Benton Hanchett*, of counsel), for defendant trust company.

MONTGOMERY, J. The original bill in this case was filed to restrain the common council of the city of Saginaw from revoking the franchise of complainant, and forfeiting its rights in the streets, because of the failure of the company to comply with the terms of the ordinance granting to it privileges in the streets. The circuit judge refused to enjoin the city authorities from taking the action contemplated, whereupon the complainant appealed to this court for relief, and the questions involved in the application for injunction were fully considered, and an opinion was filed sustaining the decision of the circuit judge. *Union St. R. Co.* v. *Saginaw Circuit Judge,* 113 Mich. 694. Reference is made to that decision for a full statement of complainant's claim. It is only necessary to add that it appears from the original bill that complainant is unable to comply with the terms of the ordinance requiring it to pave between the tracks; that the earnings of the road are not sufficient to pay running expenses, repairs, and a fixed charge for interest. The answer of the city admitted its purpose to be to forfeit the rights, privileges, and franchises of the company, and to stop the operation of its cars, and prayed the benefit of a cross-bill.

On the 7th of July, 1897, the complainant was required to amend its bill, making the Boston Safe-Deposit & Trust Company a party defendant. Such amendment was made July 15, 1897. The trust company thereupon filed its answer in the nature of a cross-bill, and afterwards filed a cross-bill. The cross-bill sets out the facts stated in the original bill and answer of the city, avers that the trust company holds a mortgage of $325,000, made by complainant, and avers the execution of a mortgage made by the Consolidated Street-Railway Company to secure $225,000 of outstanding bonds, and further sets out the lease by the Consolidated Street-Railway Company to the complainant of all its property for a period of 30 years, and the execution by the complainant to the trust company of a mortgage on its property of $225,000 as collateral,

and to secure the payment of the bonds of the Consolidated Street-Railway Company; avers that interest is due on the two mortgages amounting to $16,500.

The cross-bill states that, since the filing of the original bill, the common council of the city has passed the resolution of which Exhibit C of the original bill is a copy, and that the city has notified said street-railway company that, unless it is prepared to relay its tracks in Washington avenue and in Wadsworth street according to the requirements of the city at the time when said streets are being paved, during the summer of 1897, the city will tear up and remove the tracks from the streets, and repave the streets from curb to curb; and it charges that such action will be taken by the city unless some arrangement be made for relaying the tracks when such paving is done; that the cost of relaying such tracks will be at least $15,000; that, by reason of the premises, the rights and interests of the trust company and of the bondholders under the mortgages held by the trust company upon the property of said street-railway company, amounting to $550,000, are in great and immediate danger, and, in order to protect such rights and interests, a receiver should be appointed to take possession of and operate the said street-railway company's road, and rebuild the tracks as requested by the city, and to protect and preserve the property from forfeiture by the city. It states that the city, claiming that the street-railway company has forfeited its rights for failure to pay the sums owing by it for paving in 1895 and 1896, has stopped the running of cars upon the tracks of the company, and threatens to remove the tracks and appliances from the streets. It avers that no demand has been made upon the trust company to pay said sums owing for paving, and that no notice has been given to it on the part of the city of the intention of the city to forfeit the rights and franchises of the street-railway company; and it offers, if a receiver be appointed, with power to borrow money and issue receiver's certificates therefor, to furnish to the receiver the

money necessary to pay said sums due and to become due to the city for paving, and the sums necessary for relaying the tracks; and it prays for the appointment of such receiver, and for an injunction to stay the city from tearing up the tracks, or selling the franchises in the streets.

Upon filing this cross-bill a motion was made for the appointment of a receiver to take possession of the property of the street-railway company, with power to operate the road, and to borrow money to pay the said sums due the city, and to relay the tracks, to the end of preserving the property. The motion was based upon the files in the case, including the original bill, the answer of the city, and the cross-bill. Upon the hearing an order was made appointing the receivers with authority as prayed for. From this order the street-railway company appeals.

Counsel for the street-railway company contend that the court did not have power to appoint a receiver, for the reason that the effect of such appointment is to give to the mortgagee the possession and the benefit of the rents before the redemption period has expired by foreclosure. This latter it was not competent for the court to do, under the conditions and stipulations of the mortgage; and, if the purpose and effect of the appointment of a receiver was to divest the mortgagor of possession, and apply the rents and profits to the payment of the mortgage, the action was unauthorized. *Hazeltine* v. *Granger*, 44 Mich. 503. It is not contended by the trust company that the court has the power to divest complainant of possession for the purpose stated, but the cross-bill is filed, not for the purpose of foreclosure, but for the purpose of preserving the property. In this respect the case closely resembles *Ralph* v. *Shiawassee Circuit Judge*, 100 Mich. 164. In that case the loss of the franchise of the corporation was threatened through the inactivity of the stockholders of the corporation. In the present the same disaster is threatened because of the confessed inability of the corporation to comply with the terms of its ordinance. This inability is asserted in its own bill of complaint, and

in *Union St. R. Co.* v. *Saginaw Circuit Judge*, 113 Mich. 694, we held that the city has a summary remedy to enforce the forfeiture of complainant's franchise upon its failure to comply with the terms of its ordinance.   Can it be that a court of equity is without power to protect the interests of the bondholders when their representative stands ready, on receiving the proper order of the court, to advance the necessary money to prevent the forfeiture? We think the case falls within the line of precedent, and that the appointment of a receiver with the powers granted was authorized under the statute.   2 How. Stat. § 6611; *Williamson* v. *Wilson*, 1 Bland, Ch. 418; *Kennedy* v. *Railroad Co.*, 2 Dill. 448; *Brassey* v. *Railroad Co.*, 19 Fed. 663 (17 Am. & Eng. R. Cas. 285); *Barton* v. *Barbour*, 104 U. S. 126; 20 Am. & Eng. Enc. Law, 19.

It is objected that a cross-bill will not lie under the circumstances shown in this case.   The subject-matter in the original bill is the forfeiture of the complainant's rights in the streets, and the bill was filed to prevent this being done.   The cross-bill which the trust company has filed has the same purpose of preventing a lapse by forfeiture of the rights of the company, and asks the intervention of a receiver with powers sufficient to effectuate this purpose.   The subject-matter is substantially the same, and the relief sought is germane.   We think the bill was properly filed.   *Powers* v. *Hibbard*, 114 Mich. 533; *Griffin* v. *Griffin*, 112 Mich. 87.

It is also claimed that the order for the appointment of a receiver relates in part to property covered by an order appointing a receiver in a proceeding against the Consolidated Street-Railway Company.   But we think the effect of the appointment of a receiver in that case was to vest the receiver with possession, subject to the rights of the Union Street-Railway Company as lessee.   What those rights are it will not become necessary to determine until there arises some controversy between the receivers.

The order appealed from will be affirmed, with costs.

The other Justices concurred.