CORLISS v. CLINTON CIRCUIT JUDGE.

1. RECEIVERS—MOTION TO DISMISS—MANDAMUS.

In mandamus proceedings to compel the circuit judge to vacate an order appointing a receiver, plaintiffs' contention that the receiver should not have been appointed pending a decision upon their motion to dismiss the suit for receivership is without merit, where it appears that the motion to dismiss was denied at the time the order for the appointment of the receiver was made.

2. SAME—APPOINTMENT OF RECEIVER BEFORE FINAL DECREE—DISCRETION OF COURT—STATUTES.

Where it clearly appears that said receiver was not appointed primarily for the purpose of acquiring possession of plaintiff corporation's property and income, but in order to preserve the property and avert danger of a ruinous loss, amounting to at least 50 per cent. of the value in case the plants remained closed, there is nothing in 3 Comp. Laws 1915, § 13221, to prevent the court from so

exercising its sound discretion in appointing said receiver for the purpose of keeping said plants in operation prior to a full hearing and final decree.

Mandamus by Leroy Corliss and another to compel Edward J. Moinet, circuit judge of Clinton county, to vacate an order appointing a receiver. Submitted November 6, 1920. (Calendar No. 29,429.) Writ denied December 21, 1920.

*Hotz & Lee* and *Searl & Searl,* for plaintiffs.

*Smith, Beckwith & Ohlinger, E. C. Froehlich,* and *F. J. Shields,* for defendant.

In this proceeding plaintiffs seek to compel defendant by mandamus to set aside an order appointing a receiver prior to final judgment. By bill of complaint and supplemental bill in the original case, it is made to appear that the National Bank of Commerce, plaintiff therein, is the holder of three $10,000 notes, executed by defendant Leroy Corliss, plaintiff herein, to the order of defendant the Ekenberg Company, said notes having been duly indorsed by the Ekenberg Company and negotiated to plaintiff. The notes became due and payable, respectively, on the 15th of February, 1920, March 1, 1920, and April 1, 1920. The notes in question are but a part of a series of notes amounting to $80,000, given by plaintiff Corliss to the Ekenberg Company in part payment for two milk plants, one located at the village of Elsie, in Clinton county, and the other at the village of Ovid, in Clinton county, and a cheese factory and a residence in the village of Eureka, in Clinton county.

By proper assignment, plaintiff Corliss turned over his contract of purchase to plaintiff Waterloo Creamery Company, both Corliss and said Waterloo Creamery Company being defendants in the original

case herein.   Neither the notes held by plaintiff nor
those negotiated elsewhere by the Ekenberg Company
were paid at maturity, although it is averred that pay-
ments aggregating some $2,000 have been made upon
two notes held respectively by the State Savings Bank
of Elsie and the State Savings Bank of Ovid.   It
further appears from said bill that the Ekenberg Com-
pany, a New York corporation, is now insolvent and
in the hands of a receiver, appointed by the United
States district court for the northern district of New
York.   It is averred in the pleadings that plaintiffs
Corliss and the Waterloo Creamery Company, defend-
ants, are insolvent.

The record discloses a very earnest effort on the part
of the plaintiff to secure payment of the overdue paper
held by it all through the summer and up to Septem-
ber.   Many promises were made by Corliss to meet the ·
demands of plaintiff, but he has been unable to pay
the notes or any part thereof, nor was plaintiff Water-
loo Creamery Company, the assignee of Corliss' con-
tract, able to make payment.

Late in September a supplemental bill was filed in
which it was made to appear that the farmers in the
vicinity of the plants in question, being in doubt as to
the solvency of the plaintiff Waterloo Creamery Com-
pany, refused further to supply the plants with milk,
and the plants were therefore forced to shut down.   It
is further averred that to permit said plants to remain
closed would result in a very serious depreciation in
the value, and that unless they were maintained as go-
ing concerns the assets would be wholly insufficient to
pay plaintiff and the holders of the other notes.   A
prayer for the appointment of a receiver was attached
to the amended bill of complaint.

Defendants in said proceeding (plaintiffs herein)
moved for a dismissal of the bill of complaint princi-
pally upon the following grounds:

"1. That several causes of action are improperly joined in said original bill and in said supplemental bill.

"2. That the subject-matter involved in said original bill and in said supplemental bill is now under the jurisdiction of the United States district court for the northern district of New York and in the hands of a receiver in a bankruptcy proceeding pending in that court and that this court has no power or authority to appoint a receiver in this cause or grant any relief prayed for by said plaintiff.

"3. That the court has no jurisdiction of the subject and the subject-matter of the action as set forth in the original bill of complaint filed and in the supplemental bill of complaint filed herein nor under either or both of them.

"4. That neither the original bill nor the supplemental bill of complaint filed herein state facts sufficient to constitute a cause of action for equitable relief or for any relief prayed for therein.

"5. That there is no equity in either of said original bill or said supplemental bill nor in both of them.

"6. That each and both of said bills show upon their face that the plaintiff is not entitled to the relief prayed for or any relief whatever.

"7. That the said plaintiff has a full, complete and adequate remedy at law.

"8. That the said supplemental bill filed herein shows upon its face that the said plaintiff, if entitled to any relief whatever, is entitled to a money judgment only, which judgment a court of equity has no power to enter.

"9. That there is now pending in the circuit court for the county of Clinton an action at law based upon the same cause of action set forth in said original bill of complaint and said supplemental bill of complaint commenced since the filing of said original bill and in which the plaintiff herein is plaintiff and in which these defendants are defendants and in which suit has been brought upon the same notes and obligations mentioned and set forth in said amended bill of complaint; and that by electing to pursue its remedy at law the said plaintiff herein has lost its right to ask any relief in the above entitled cause."

Defendants later filed objections to the appointment of a receiver upon practically the same grounds. Affidavits were filed by the parties in support of their several positions and testimony was taken in open court upon the question of whether a receiver should be appointed. An examination of the testimony discloses the fact that the Waterloo Creamery Company, plaintiff herein, defendant in the principal suit, was, on the first of October, indebted to the various farmers who had furnished milk to the several plants of the company in the sum of about $16,000 and that it was unable to pay the same. It further appears that without assurances that they would receive their pay for milk furnished, the farmers in the vicinity will not continue to supply milk. It further appears that if the plants are allowed to remain idle for any considerable length of time, the herds from which milk is now secured will be dissipated or the milk derived therefrom will seek other outlets, and if, at a later day, these plants are reopened, it will be very difficult if not impossible to secure a supply of milk. It further appears that the plants are worth, as going concerns, at least double the amount they would be worth if they were closed down indefinitely and that if so closed down, their value would be insufficient to pay the plaintiff in the original suit and the holders of the other notes given by Corliss as part consideration for the purchase thereof.

These facts, having been made fully to appear, the learned circuit judge, defendant herein, before whom the matter was heard, denied the order to dismiss and made an order appointing a receiver, stating in his opinion:

"I think from the proofs in this case and this matter for preliminary application for appointment of a receiver, they fairly show that this Waterloo Creamery concern is in somewhat a precarious financial condi-

tion at the present time.   While there are some ques-
tions as to the right of the court of equity to appoint
a receiver to take charge of real estate ordinarily the
courts hold that cannot be done, but this is a little
peculiar situation it seems to me.   Here is an en-
deavor upon the part of the plaintiff to have a receiver
appointed to take charge of this property for the pur-
pose of preserving it and preserving the security.
Proofs show that the plant is closed now, the milk sup-
ply has stopped, due in part to the fact that the farm-
ers in that locality do not deem it safe to furnish any
more milk to the concern on account of the fact they
have some doubt as to whether they will get their pay
for it.   The proofs also show that the amount of
money due now for milk supply, and past due, is not
paid; indications are that there is no money on hand
to pay it.   A tentative settlement was made between
the defendant creamery and that settlement has not
been carried out.   If a receiver were not appointed—
still the burden is not on the plaintiff to show this, yet
I am convinced if a receiver is not appointed it will
stand idle in about the same condition it is now.
There is about $70,000 worth of notes outstanding
against the company now past due.   It seems to me
that the situation is one which appeals to the discre-
tion of the court, to the discretion of a court of equity
for appointment of a receiver.   I do not see any other
way.   I am satisfied from the proofs that a going con-
cern is much more valuable than an idle concern as it
is now, and that, of course, is manifestly so without
any proof, because a concern of this character depends
upon the agricultural community to supply the milk
and when that is cut off there is nothing for the con-
cern to do except to lie idle, and after lying idle for a
length of time it would seem to me the supply of milk
would be scattered, the farmers would sell their herds
or dispose of the milk supply in other directions—
probably be a hard thing to get it back again, I don't
know about that.   I think from the proofs it is a mat-
ter which strictly appeals to the discretion of the court
and I think I will enter an order appointing a receiver.
You, gentlemen, may be able to agree upon the receiver
without any waiving of your rights as to who shall be
appointed, and I will defer to your wishes; otherwise

I will name someone. An order may be made denying motion to dismiss and also an order made appointing a receiver; a similar order will be prepared."

In his return to the order to show cause, defendant finds, as a matter of fact, that the defendants are insolvent. The return not being denied, it will be accepted as true upon this point.

BROOKE, J. (*after stating the facts*). The first contention of counsel for plaintiffs is based upon the assertion that the receiver should not be appointed pending a decision upon the demurrer (motion to dismiss), putting in issue the right to file the bill. This point is, we think, without force inasmuch as an order was made denying the motion to dismiss at the time the order for the appointment of the receiver was made.

The principal contention is that the court was without authority to appoint a receiver prior to a full hearing and a final decree. Many authorities are cited in support of this proposition, including *Wagar* v. *Stone*, 36 Mich. 364; *Union Trust Co.* v. *Electric Co.*, 152 Mich. 568, and *Sanford* v. *Newell*, 204 Mich. 91. Reference is made likewise to the statute (3 Comp. Laws 1915, § 13221). It should, we think, be noted that the receiver in the case at bar is not appointed primarily for the purpose of acquiring possession of the property and income thereof, but in order to preserve the property and avert danger of a ruinous loss, not alone to plaintiffs but to the other holders of the purchase money notes. We are of the opinion that the statute cited does not prevent the circuit court, in chancery, from exercising a sound discretion under such circumstances. *Ralph* v. *Shiawassee Circuit Judge*, 100 Mich. 164; *Union Street-Railway Co.* v. *City of Saginaw*, 115 Mich. 300; *Union Trust Co.* v. *Electric Co.*, *supra; Webber* v. *Genesee Circuit Judge*, 184 Mich. 112; *Millen* v. *Potter*, 201 Mich. 1. We are of the opin-

ion that the true rule was announced by Mr. Justice Steere in the case of *Sanford* v. *Newell, supra,* where it is said:

"In that connection, however, it may be added that while not questioning the generally recognized broad power of equity courts in rare cases, of special emergency, where imminent danger of loss of the *corpus* of the litigation or irreparable injury is clearly shown, to interpose a receiver against the possession of real estate held under color of title, this court has consistently emphasized that the power of dispossessing a defendant by receivership *pendente lite* should be exercised with extreme caution in all cases, and adhered to the wide distinction between disturbing by receivership the peaceable possession of real estate at the instance of a party out of possession not in privity with the defendant in possession under claim of right, and cases where such relief is asked for the conservation *pendente lite* of claimed personal property involved in litigation."

It is difficult to imagine a set of facts more strongly appealing to the discretion of a circuit judge than that presented by the case at bar. The testimony clearly shows without denial, although the plaintiffs were represented in court at the time of the hearing, that if the various plants involved in the litigation were permitted to remain closed for any considerable length of time the loss would amount to at least 50% of their value as going concerns and that the remaining value would be insufficient to answer the claims of the plaintiff and the other holders of the purchase money notes. We are of the opinion that the defendant wisely exercised his discretion in the appointment of a receiver in order that the plants might be kept in operation and the property preserved.

The writ is denied.

Moore, C. J., and Steere, Fellows, Stone, Clark, Bird, and Sharpe, JJ., concurred.