UNION ASSURANCE SOCIETY *v.* BUONO.

EQUITY—JURISDICTION—SERVICE.

In a suit by an insurance company to enjoin an action at law and for the cancellation of certain fire insurance policies claimed to have been secured by defendants by fraud, where two of the defendants could not be found, the court acquired no jurisdiction over said defendants by allowing service on their attorney in the action at law, under 3 Comp. Laws 1915, § 12302, since 3 Comp. Laws 1915, §§ 12449, 12450, provide a means for securing jurisdiction over said defendants by publication.

Appeal from Wayne; Webster (Clyde I.), J.    Submitted April 4, 1923.    (Docket No. 24.)    Decided June 4, 1923.    Rehearing denied October 1, 1923.

Bill by the Union Assurance Society, Limited, of London, England, against Louis Buono and others to enjoin an action at law, and for the cancellation of certain policies of fire insurance: On petition to vacate a default decree for want of personal service

of process.   From an order denying the petition, defendants appeal.   Reversed.

*Lucking, Helfman, Lucking & Hanlon,* for plaintiff.

*Anthony Maiullo,* for defendants.

SHARPE, J.   Plaintiff's brief contains a concise statement of the facts.   It is refreshing to have defendants' counsel say, "No criticism is made of the statement of facts in plaintiff's brief."   We are thereby relieved of much labor usually rendered necessary by the failure of counsel to comply with Supreme Court Rule No. 40.

By its bill of complaint, filed November 7, 1919, plaintiff sought to have four fire insurance policies, two issued to the defendant DiGiovanni, one to the defendant Caruso, and one to the defendant Parisi, canceled because fraudulently obtained, and to enjoin the prosecution of actions at law brought thereon. A chancery summons was issued and personally served on Caruso and Buono.   On February 6, 1920; plaintiff filed a petition alleging that service could not be had on the defendants DiGiovanni and Parisi, and asked that an order be entered directing and authorizing service on them by serving a copy of the summons on the attorney who was appearing for them in the pending actions at law.   The petition contained the following paragraph:

"Your petitioner further shows that it has never been able to ascertain the identity or whereabouts of said Vito Parisi and that the last information your petitioner received as to said Joe DiGiovanni was to the effect that he had left the State of Michigan. That your petitioner knows of no way in which it can cause the chancery summons herein to be served upon said two last named persons."

223—Mich.—22.

Such an order was made and service had as directed. Neither of these defendants entered an appearance. Their default was duly entered. An affidavit of regularity was filed, accompanied by one made by one of plaintiff's attorneys, stating the effort he had made to induce the attorney for these defendants in the law cases to enter an appearance for them. An order *pro confesso* was thereupon entered by the court. The case came on for hearing on proofs taken in open court on July 1, 1920. The defendants were not represented. Plaintiff had decree as prayed for in its bill of complaint. On October 5, 1920, the defendants DiGiovanni and Parisi, by Anthony Maiullo, their attorney in fact, filed a petition, reciting the fact that service had been had upon Mr. Maiullo, who represented them in the actions at law, pursuant to the order made, alleging that these defendants had not been personally served, and praying that the decree be vacated as to them and they be permitted to file their answers, at that time tendered. From an order denying this motion these defendants appeal.

The question presented is whether the court obtained jurisdiction over the persons of DiGiovanni and Parisi by the order made and the service upon Mr. Maiullo. Plaintiff's counsel admit that we have no statute or court rule authorizing or permitting service in the manner in which it was made. Their claim is thus stated:

"That our circuit courts, in chancery, have acquired by statute all the powers and jurisdiction of the high courts of chancery of England, and that such service of process is authorized and upheld by the high courts of chancery of England and is, therefore, good in this State."

They call attention to the sixth chapter of our judi-

cature act, entitled, "Of the Jurisdiction and Powers of the Circuit Courts at Law and in Chancery." The fourth section (3 Comp. Laws 1915, § 12302) reads:

"The powers and jurisdiction of the circuit courts and circuit judges in chancery, in and for their respective counties, shall be co-extensive with the powers and jurisdiction of the courts and judges in chancery in England as existing on March first, eighteen hundred forty-seven, with the exceptions, additions and limitations created and imposed by the Constitution and laws of this State."   *   *   *

This provision has been a part of our statute law for many years. It was considered or referred to in the following cases: *Bailey* v. *Cadwell*, 51 Mich. 217; *People* v. *McCaffrey*, 75 Mich. 115; *Union Street-Railway Co.* v. *City of Saginaw*, 115 Mich. 300. The Federal courts, following the English practice, have held in like cases that the course here pursued gave the court jurisdiction over the defendant. *Crellin* v. *Ely*, 13 Fed. 420; *Bartlett* v. *Sultan of Turkey*, 19 Fed. 346; *Shainwald* v. *Davids*, 69 Fed. 701; *Kelley* v. *Smith Co.*, 116 C. C. A. 240, 196 Fed. 466; *Johnson-Brown Co.* v. *Railroad Co.*, 239 Fed. 590.

In 22 Cyc. p. 917, it is said:

"Unless defendant voluntarily appears and submits himself to the jurisdiction, it is necessary that process issue and service be made upon defendant before the court grants a final injunction. The English chancery practice permitted service of process, by leave of court, upon an attorney, to restrain proceedings at law, when the client was out of the jurisdiction. In this country the Federal courts have recognized and applied this rule, and have extended it to permit the service of a cross-bill on the attorney of a nonresident plaintiff."

In the *Kelley Case*, decided by the circuit court of appeals of the seventh circuit, it was held (quoting from the syllabus):

"Where, in such case, the defendants were both nonresidents of the State and absent therefrom, but the stock certificate was in possession of their attorneys therein, who represented them in the action against the secretary, Equity Rule 90 (29 Sup. Ct. xxxvii) applied, which provides that in cases not covered by the rules the practice shall be regulated by the then practice of the high court of chancery in England, and under such practice service was properly made on such attorneys."

The reason for the holding is thus stated:

"Appellants insist that on the question of service Equity Rule 13 (29 Sup. Ct. xxvi) is controlling, as follows:

" 'The service of all subpœnas shall be a delivery of a copy thereof by the officer serving the same to the defendant personally, or by leaving a copy thereof at the dwelling house or usual abode of each defendant with some adult person who is a member or resident in the family.'

"On the other hand, appellees present Equity Rule 90 (29 Sup. Ct. xxxvii) as applicable:

" 'In all cases where the rules prescribed by this court or by the circuit court do not apply, the practice of the circuit court shall be regulated by the present practice of the high court of chancery in England, so far as the same may, reasonably be applied consistently with the local circumstances and local conveniences of the district where the court is held, not as positive rules, but as furnishing just analogies to regulate the practice.'

"Congressional authority for the Equity Rules is found in section 913 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 683).

"English chancery practice as it existed at the time of the adoption of this rule (March 2, 1842; *Thomson* v. *Wooster*, 114 U. S. 104 [5 Sup. Ct. 788]) is thus described in Daniell on Chancery Practice (2d Am. Ed.) p. 518:

" 'The jurisdiction (on substituted service) is most frequently exerted where actions at law are brought by persons resident abroad to enforce demands which, although they have, strictly

speaking, a legal right to make, it is against the principles of equity to permit it.   In such cases, the court will interfere by injunction served upon the attorney employed in this country to conduct the proceedings at law, to restrain further prosecution of such proceedings until his employer has submitted himself to the jurisdiction. ' In order to accomplish this purpose, it is permitted to the plaintiff in equity, in the first instance, to obtain an order directing that service of the subpœna upon the attorney employed in the cause at law shall be deemed good service.' "

The Federal statute providing for substituted service by publication is limited to suits brought—

"to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought."   U. S. Comp. Stat. 1916, § 1039.   (Jud. Code, § 57.)

Unless service in the manner permitted by the English practice and as followed by the Federal courts be deemed sufficient, these courts would be ousted of jurisdiction to restrain a proceeding at law to which a nonresident was a party, unless he voluntarily appeared.   No such difficulty presents itself under our practice.   Section 12449, 3 Comp. Laws 1915, provides for an order of appearance at any time after the filing of the bill when it is made to appear by affidavit that the defendant is a nonresident, or, if a resident, that he cannot be served, or if his residence cannot be ascertained, and the following section provides for its publication.   A means was thereby provided for securing jurisdiction over these defendants and, while a personal decree could not be rendered against them unless they appeared, they would be bound by the decree made as to the subject-matter involved.

In our opinion, the statute relied on (§ 12302) has no application when jurisdiction to determine the issue presented by the bill may be acquired by publica-

tion under the "laws of this State." Our statute recognizes the jurisdiction of a court of chancery to restrain proceedings at law and provides the conditions under which such a suit shall be brought (3 Comp. Laws 1915, § 12662 *et seq.*).

In *Steere* v. *Vanderberg*, 67 Mich. 530, 535, it was said:

"It is a settled rule of law that all exceptional methods of obtaining jurisdiction over persons not found within the State must be confined to the cases and exercised in the way precisely indicated by the statute, and it may also be regarded as settled law that a failure to comply with the statutory requirements where the jurisdiction conferred is special, and no personal service is obtained, renders the judgments null and void."

By the service on Attorney Maiullo the court acquired no jurisdiction over the defendants DiGiovanni and Parisi. Their motion to vacate the decree and permit them to answer should have been granted. The order of denial is set aside and one will be entered here as prayed for in the petition. Appellants will recover costs in this court.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.