GRAND RAPIDS TRUST CO. *v.* CARPENTER.

1. RECEIVERS—APPOINTMENT OF RECEIVER MAY NOT BE COLLATERALLY ATTACKED.

In a suit by a receiver of a defunct corporation to set aside a mortgage on the corporation's property executed by certain trustees of said corporation after plaintiff's appointment as receiver, the regularity of said appointment and the issues therein involved may not be collaterally attacked, although the jurisdiction of the court appointing the receiver may be inquired into.[1]

2. SAME—CHANCERY COURTS HAVE INHERENT POWER TO APPOINT RECEIVERS FOR CORPORATIONS.

The power of chancery courts to appoint receivers for corporations is not confined to that conferred by 3 Comp. Laws 1915, §§ 13563 *et seq.,* 13583, and Act No. 84,. Pub. Acts 1921, pt. 1, chap. 4, subd. 2, but the broad powers inherent in chancery courts to appoint receivers are expressly confirmed by 3 Comp. Laws 1915, § 12302.[2]

3. SAME—EXERCISE OF POWER TO APPOINT RECEIVER WILL NOT BE INQUIRED INTO IN COLLATERAL PROCEEDING.

Whether the power of a chancery court to appoint a re-

---

[1]Receivers, 34 Cyc. pp. 166, 168; Corporations, 14A C. J. §§ 3230, 3231; [2]Id., 34 Cyc. pp. 77, 101; Corporations, 14A C. J. §§ 3158.

ceiver for a defunct corporation was prudently exercised will not be inquired into in a collateral proceeding.[3]

4. SAME — MORTGAGE ON CORPORATION'S PROPERTY EXECUTED BY TRUSTEES AFTER APPOINTMENT OF RECEIVER VOID.

    A mortgage executed upon the property of a defunct corporation by certain trustees of said corporation after the appointment of a receiver therefor, and in defiance of a court order, is void.[4]

Appeal from Kent; Perkins (Willis B.), J. Submitted October 28, 1924. (Docket No. 161.) Decided December 31, 1924.

Bill by the Grand Rapids Trust Company, receiver of the Haney School Furniture Company, against George A. Carpenter to set aside a mortgage. From a decree for plaintiff, defendant appeals. Affirmed.

*Dunham, Cholette & Quail,* for plaintiff.

*Eugene Carpenter,* for defendant.

FELLOWS, J. A bill was filed in the circuit court for the county of Kent, in chancery, praying, among other things, for the appointment of a receiver for the Haney School Furniture Company, a corporation whose term of corporate existence fixed by the statute had expired. The company and its officers were made defendants. Proper notice was given the interested parties and, after a hearing, the Grand Rapids Trust Company was appointed temporary receiver on April 17, 1922. It accepted the trust and qualified and took possession of the property. On May 22d upon a final hearing it was appointed permanent receiver and qualified as such. In both the order appointing a temporary and a permanent receiver, the Haney Company, its officers, servants and agents and the individual defendants were restrained, among other things, from in any way interfering with the receiver

[3]Receivers, 34 Cyc. p. 166 (1926 Anno); Corporations, 14A C. J. § 3230.

in any manner. On May 13, 1922, three of the individual defendants styling themselves "the remaining trustees of the defunct Haney School Furniture Company" executed to a relative, George A. Carpenter, as trustee, a mortgage on the property of the company to secure claimed past due indebtedness to such individual defendants and some of their relatives aggregating upwards of $13,000. The mortgage was recorded. The present bill is filed by the receiver to set aside this mortgage as a cloud upon the title and as an unlawful interference with the rights of the receiver as an officer of the court.

Defendant in the court below and here seeks to again try out the issues involved in the original suit. We can not in this case collaterally attack and review the discretion exercised in the original suit in appointing a receiver. We can not here determine whether one of the plaintiffs in the original suit was duly organized or qualified as a corporation, or whether the other one had complied with the assumed name statute or whether their claims should be allowed in the receivership proceedings. These were matters for determination in the original case. Nor are we here concerned with the family discord of the Haney family. There are many other matters appearing in the record and brief which have no proper place in this appeal which it is unnecessary to mention.

We may doubtless inquire in this proceeding whether the court in appointing a receiver was wholly without jurisdiction. If we correctly interpret defendant's claim it is that a court of equity has no jurisdiction to appoint a receiver for a corporation except in a voluntary proceeding provided for in section 13563 *et seq.,* 3 Comp. Laws 1915, and an involuntary proceeding by a judgment creditor under section 13583, 3 Comp. Laws 1915. To these should possibly be added the provisions of part I, chapter 4, subdivision 2 of Act No. 84, Pub. Acts 1921 (Comp. Laws Supp.

1922, § 9053 [34-39]).    This contention can not be sustained.    It entirely overlooks the inherent power of a court of equity.    The jurisdiction of the English courts of chancery to appoint receivers is very old. 1 Clark on Receivers, § 78; *In re Newdigate Colliery, Ltd.* (1912), 1 Ch. 468.    The sections above referred to are not exclusive of the inherent power of the courts of chancery, and the legislature instead of attempting to confine such power to cases coming within the statutes above noted has by section 12302, 3 Comp. Laws 1915, expressly confirmed the broad powers which are inherent in chancery courts and has expressly enumerated among their powers the power to appoint a receiver.    This court has in numerous cases recognized that the power to appoint a receiver rests in our chancery courts, among them see:    *Ralph* v. *Saginaw Circuit Judge,* 100 Mich. 164; *Corliss* v. *Clinton Circuit Judge,* 212 Mich. 476; *National Bank of Commerce* v. *Corliss,* 217 Mich. 435. The power being inherent in the court, we can not in this collateral proceeding inquire whether it was prudently exercised in the original suit.

The mortgage here involved was not only made in defiance of an injunction of the court but it was upon property held by the receiver, an arm of the court, upon property in the custody of the law.    It can not stand.    It is void as to the receiver, as to the court, and should be set aside.    *Byne* v. *Byne,* 54 Ga. 257; *Cobb* v. *Camden Savings Bank,* 106 Me. 178 (76 Atl. 667, 20 Ann. Cas. 547). It hampered the receiver in the discharge of his duties, prevented a sale of the property, and interfered with the due administration of the law.    Its apparent purpose was to secure payment in full of claims of the former officers of the company and their relatives, some of which claims are of doubtful character, and to frustrate the efforts of the receiver and the court

to preserve the property and apply it where in equity it belonged.

The decree setting aside the mortgage is affirmed. Plaintiff will have costs of this court.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.