EDISON v. FLECKENSTEIN PUMP CO.

1. EQUITY—SIMPLE CONTRACT CREDITOR NOT ENTITLED TO EQUITABLE RELIEF UNTIL LEGAL REMEDY EXHAUSTED.

A simple contract creditor who has not exhausted his remedy at law is not entitled to relief in equity.

2. CORPORATIONS—WINDING UP AFFAIRS MAY ACCOMPLISH DISSOLUTION.

Winding up affairs of corporation may in effect accomplish dissolution.

3. SAME—EQUITY COURT MAY IN EXCEPTIONAL CASES WIND UP AFFAIRS OF CORPORATION.

In certain exceptional cases, such as relieving from fraud or breach of trust, court of equity may, in its inherent power,

---

Inherent jurisdiction of equity at instance of stockholders to appoint a receiver or wind up a corporation because of mismanagement or fraud of its officers, see annotation in 39 L. R. A. (N. S.) 1032; L. R. A. 1915A, 606.

wind up affairs of corporation as incident to adequate relief, but in absence of such exceptional circumstances, equity court, in its inherent power, may not dissolve corporation, wind up its affairs, and, for that purpose alone, sequester its property.

4. SAME—EQUITY—RECEIVERS—BREACH OF TRUST—CONSTRUCTIVE FRAUD.

When it became apparent that corporation could not accomplish purpose for which it was organized—that it was not possible to conduct business without loss—it became duty of directors to wind up its affairs, and their failure to do so, with its aggravation of loss, was breach of trust reposed in them by stockholders, and in a sense, a constructive fraud, entitling stockholders to relief in equity by appointment of receiver, especially where corporation admitted allegations of bill, and consented to receivership.

Appeal from Kent; Perkins (Willis B.), J. Submitted October 25, 1929. (Docket No. 162, Calendar No. 34,671.) Decided January 24, 1930. Rehearing denied April 7, 1930.

Bill by Russell L. Edison against Fleckenstein Pump Company, a Michigan corporation, for the appointment of a receiver. A receiver was appointed and Standard Sanitary Manufacturing Company, a Delaware corporation, a judgment creditor, intervened and moved to discharge the receiver. From an order discharging receiver, plaintiff appeals. Reversed.

*George E. Nichols,* for plaintiff.

*Corwin, Norcross & Cook,* for intervening creditor.

CLARK, J. Plaintiff filed this bill for appointment of receiver for defendant, a Michigan corporation. He alleges that he is a simple contract creditor, also a guarantor of corporate indebtedness, also a stockholder.

The defendant was engaged in the manufacture of gasoline pumps. It is alleged that it has stock, material, and other personal property from which it ought to realize in the course of business as a going concern $56,000. As it is out of business and not a going concern, the value of such property, it is assumed, is very much less. It is indebted to creditors in the sum of $20,000 and more.

Some creditors have brought suit with garnishment. Others threaten suits to result in attachments and levies. The corporation cannot pay its debts, has no credit, and is without funds for operating. Because of the power and strength of competitors it is now, and for considerable time has been, unable to conduct, except at a loss, the business it was organized to do. It has failed of the purpose for which it was created.

It is admitted that the purpose of the receivership is to wind up the affairs of the corporation, and that is apparent on the face of the bill. Dissolution is not specifically prayed. The bill alleges the belief that the corporation is solvent, but the total of its allegations approximates the contrary. At least threatened insolvency is alleged. The corporation, answering, admitted the bill and consented to receivership. A receiver was appointed, who qualified and entered upon its duties. Standard Sanitary Manufacturing Company, a judgment creditor, intervened and moved to discharge the receiver. The motion was granted. Plaintiff has appealed.

It is conceded that plaintiff as a simple contract creditor is not entitled to relief in equity, not having exhausted his remedy at law. *Gillen v. Wakefield State Bank*, 246 Mich. 158.

This bill is not based upon the statute permitting

dissolution of corporations in certain cases. 3 Comp. Laws 1915, § 13563. It is addressed to inherent power of the court of equity. That winding up of the affairs of a corporation may in effect accomplish dissolution, see *Vila* v. *Grand Island, etc., Co.,* 68 Neb. 222, 233 (110 Am. St. Rep. 400, 4 Ann. Cas. 59, 63 L. R. A. 791).

There is no doubt that in certain exceptional cases, such as relieving from fraud, or breach of trust, a court of equity may in its inherent power wind up the affairs of a corporation as an incident to adequate relief. *Grand Rapids Trust Co.* v. *Carpenter,* 229 Mich. 491; *Corliss* v. *Clinton Circuit Judge,* 212 Mich. 476; *Carpenter* v. *Landman,* 192 Mich. 544; *Town* v. *Duplex-Power Car Co.,* 172 Mich. 519; *Miner* v. *Ice Co.,* 93 Mich. 97.

But in the absence of all such exceptional circumstances the equity court, in its inherent power, may not dissolve a corporation, wind up its affairs, and, for that purpose alone, sequester corporate property. 14a C. J. p. 941; 2 Clark on Receivers (2d Ed.), p. 1121; 5 Cook on Corporations (8th Ed.), § 863; *Fuller* v. *McCormick,* 156 Mich. 518; *Central Holding Co.* v. *Bushman,* 238 Mich. 261.

When it became apparent, as it did, that the corporation could not accomplish the purpose for which it was organized, that it was not possible to conduct business without loss, it thereupon became the duty of the directors to wind up its affairs. Their failure to do so, with its aggravation of loss, was a breach of the trust reposed in them by stockholders, and, in a sense, a constructive fraud upon them. In such circumstances, plaintiff stockholder might appeal to the inherent power of the court of equity, and, under authorities cited, be afforded the relief prayed.

Nothing is said of whether plaintiff first applied to the directors or to the stockholders *(Grand Rapids Trust Co.* v. *Carpenter, supra)* for relief, and no point is made of it, so it is passed.

.For the reason that courts, at the instance of stockholders, are slow to displace directors in management of corporate business and affairs, we emphasize the fact that the corporation here admitted the allegations of the bill and consented to receivership.

Order reversed. Costs to plaintiff.

WIEST, C. J., and BUTZEL, POTTER, SHARPE, FEAD, and NORTH, JJ., concurred. McDONALD, J., took no part in this decision.