VAN WIE v. STORM.

1. CORPORATIONS—RECEIVERS—APPOINTMENT.
Chancery court has power to appoint receiver for corporations where appointment is not made *ex parte,* but defendants are given an opportunity to answer fully charges made by plaintiff.

2. SAME—EQUITY—FRAUD—ABUSE OF TRUST—STOCKHOLDERS' SUITS.
A court of equity has the power, in case of fraud, abuse of trust or misappropriation of corporate funds, at the instance of a single stockholder, to grant relief and compel restitution.

3. SAME—WINDING UP—FRAUD—BREACH OF TRUST.

In certain exceptional cases, such as relieving from fraud or breach of trust, court of equity may in its inherent power wind up the affairs of a corporation as an incident to adequate relief.

4. SAME—RECEIVERS—APPOINTMENT—STOCKHOLDERS' SUITS.

Appointment of receiver for corporation which had lost its charter because of nonaction of board of directors *held,* justified, where record shows plaintiff had a substantial financial interest, taxes on large share of corporate assets, consisting of vacant lots, remained unpaid for several years and defendant secretary, in charge of corporate affairs because of directors' neglect, refused to give plaintiff information concerning corporate affairs and he had opportunity to manipulate assets of the corporation to its detriment as claimed by plaintiff.

Appeal from Wayne; Campbell (Allan), J. Submitted October 7, 1936. (Docket No. 36, Calendar No. 39,095.) Decided January 4, 1937.

Bill by Marie W. Van Wie against Arthur S. Storm, Miller, Storm Company, Incorporated, a Michigan corporation, and Liquidating Holding Corporation, a Michigan corporation, for the appointment of receivers, an injunction and other relief. From denial of motion to dismiss bill, defendants appeal. Affirmed.

*Meisner & Meisner,* for plaintiff.

*Shapero & Shapero,* for defendants.

SHARPE, J. This is an appeal from the appointment of a receiver for the Liquidating Holding Corporation and the failure to grant a motion to dismiss plaintiff's bill of complaint. Plaintiff filed a bill of complaint in which she states that she is the owner of 800 shares of the common stock of the Liquidating Holding Corporation which has lost its right to

do business as a corporation by reason of the fact that its franchise has been forfeited for failure to file annual reports with the secretary of State's office; that for the past two or three years the Liquidating Holding Corporation was solely in the hands of its secretary, A. S. Storm; that demands were made upon Storm for permission to examine the records of both of defendant companies and such demands were refused; that the Liquidating Holding Corporation was an offshoot of the Miller, Storm Company, Incorporated, and both companies were being managed by Storm who conceived a scheme of shifting assets at will from one company to another and through his failure to file annual reports succeeded in keeping the stockholders of both companies without knowledge of their financial conditions; that plaintiff's requests that stockholders' and directors' meetings be called were ignored; that the directors of the companies failed to act and perform their duties for a period of two or three years prior to the filing of plaintiff's petition; and that there were substantial assets that could be retrieved if a receiver was appointed.

The defendants filed an answer in which it is stated that the reason for not producing the statement demanded by plaintiff was on account of the lack of finances of the company; that no stockholders' or directors' meetings were called for the reason that there was no money to pay for the same; and that the defendant companies have large amounts of real estate.

The defendants also filed a motion to dismiss the bill of complaint in which they set up that the failure to file annual reports with the secretary of State was due to lack of finances; that the reason no meetings of the board of directors were held was that the board of directors by resolution regularly adopted

dispensed with such meetings; and that plaintiff is a minority stockholder, owning about three per cent. of the stock of the Liquidating Holding Corporation.

The trial court issued an order restraining the defendants from collecting or receiving or disposing of moneys, accounts and debts due and owing the defendant companies and enjoining the officers of both defendants from selling, assigning or incumbering any of the assets of either company. The court also appointed E. R. Stanton as receiver of both companies with full power to take possession of the assets and have full charge of the financial and business affairs of both companies. The defendants Arthur Storm and Liquidating Holding Corporation appeal and contend that where the charges of a bill of complaint are fully met by the answer, it is improper for the court to appoint a receiver; that plaintiff's remedy was mandamus to the corporate officers to furnish the information sought rather than the appointment of a receiver; and that plaintiff's bill of complaint is defective, she not having exhausted the ordinary method of obtaining the relief sought.

In this cause, the bill of complaint was filed February 11, 1936, and on the same day an order to show cause with a restraining order was signed. On February 28, 1936, the summons was returned and filed showing service upon defendants. On March 4, 1936, an order was entered appointing a receiver; and on April 21, 1936, the defendants filed their answer and on May 13, 1936, defendants filed a motion to dismiss plaintiff's bill of complaint. On May 26, 1936, an amended order was entered continuing the appointment of a receiver for the Liquidating Holding Corporation and vacating the order appointing a receiver for the Miller, Storm Company.

We have examined the record, the charges in plaintiff's bill of complaint, the answer and motion to dismiss by defendants and find that the appointment of a receiver was not made *ex parte,* but was made after defendants had an opportunity to fully answer the charges made by plaintiff. That the chancery court has power under such conditions to appoint a receiver is well established.

In *Miner* v. *Belle Isle Ice Co.* (syllabus), 93 Mich. 97 (17 L. R. A. 412), we held:

"A court of equity has the power, in case of fraud, abuse of trust, or misappropriation of corporate funds, at the instance of a single stockholder, to grant relief, and compel restitution; and this, too, without any showing that the directors have been requested, or the corporation has refused, to act, where the holders of the majority of the stock control the directorate, and are themselves the wrongdoers."

See, also, *Robinson* v. *De Luxe Motor Car Co. of New Jersey,* 170 Mich. 163; *Sant* v. *Perronville Shingle Co.,* 179 Mich. 42; and *Freeman* v. *Mitchell,* 198 Mich. 207.

"There is no doubt that in certain exceptional cases, such as relieving from fraud, or breach of trust, a court of equity may in its inherent power wind up the affairs of a corporation as an incident to adequate relief." *Edison* v. *Fleckenstein Pump Co.,* 249 Mich. 234.

In the case at bar plaintiff is an interested stockholder; she has an investment in the holding company of approximately $10,000; the assets of the holding company are largely comprised of vacant lots upon which taxes remain unpaid since October, 1930; the directors have failed to act so that the affairs of the holding company were left entirely in

the hands of Arthur Storm who refused or neglected to give plaintiff any information concerning the affairs of the company; moreover, the record shows that through the nonaction of Arthur Storm and the board of directors, the Liquidating Holding Corporation lost its charter, all of which conditions give Arthur Storm the opportunity of manipulating the assets of the company to its detriment as claimed by plaintiff. Under such circumstances the appointment of a receiver was justifiable.

Decree affirmed, plaintiff may recover costs.

FEAD, C. J., and NORTH, WIEST and BUTZEL, JJ., concurred. TOY, J., took no part in this decision. POTTER and BUSHNELL, JJ., did not sit.