FARMERS TRUST COMPANY v. ASHER M. PRUDDEN and Another.[1]

July 5, 1901.

Nos. 12,641—(171).

**Mortgage—Assignment of Rents.**

In consideration of the extension of the time of payment of the mortgage debt, an instrument was executed by the mortgagor, assigning to the mortgagee the rents of the premises, to be applied on the mortgage debt, then past due. It provided that, if default occurred in the mortgage, a representative of the mortgagee might take possession of the premises, let the same, and collect rents, and, if necessary, eject tenants. *Held*, that the instrument constituted an assignment of the rents, with incidental possession for the purpose of collection, and did not convey an interest in the real estate, and that the mortgagee was entitled to foreclose the lien, and have a receiver appointed to collect the rents.

**Rulings of Court.**

Other rulings of the court examined, and *held* to contain no reversible error.

Appeal by defendants from an order of the district court for St. Louis county, Cant, J.. denying a motion for a new trial. Affirmed.

*S. D. Allen*, for appellants.

*H. B. Fryberger*, for respondent.

LEWIS, J.

This action is brought by a mortgagee to foreclose a lien upon certain rents, which instrument was executed by appellants for the purpose of securing the amount due upon a prior mortgage given on the property upon which the buildings were situated. The defense was that this instrument was executed without con-

[1] Reported in 86 N. W. 887.

sideration, and was obtained by the unfair and oppressive conduct of the mortgagee.

The trial court found substantially as follows: That the original mortgage was for $17,500, payable April 1, 1897; that on June 15, 1897, the property had deteriorated in value, and was worth no more than $14,000, which was inadequate security; that on the same day appellants assigned to the mortgagee the rents to become due from the occupancy of the buildings, to be applied in payment of the indebtedness; that on February 21, 1898, such assignment not being satisfactory, a new assignment of the rents was substituted, and executed and delivered to the mortgagee in consideration of the extension of the time for payment of the mortgage debt. On August 15, 1900, the indebtedness amounted to $24,305.55, which being unpaid, the mortgage was foreclosed, and the property bid in by the mortgagee for $20,000. From June, 1897, appellants had been permitted to collect the rents under the assignments, and had paid them over to the mortgagee, but from the time of the foreclosure appellants refused to pay over or account to the respondent for any part of the rents so collected, which, during the redemption year, amounted to $2,200. The trial court ordered judgment for the foreclosure of the lien, enjoining appellants from collecting the rents, and appointed a receiver for that purpose. From an order denying the motion for a new trial, appeal is taken.

There is only one question in this case requiring consideration; that is, what was the nature of the instrument executed by appellants by which they assigned to the mortgagee the rents from the buildings? If this instrument conveyed an interest in the real estate, respondent could acquire no rights under it, except as provided by law with reference to real-estate mortgages, but, if it was a mere assignment of personalty in the nature of choses in action, then the assignee had the authority, under that instrument, to collect the rents; and, if he was prevented from doing so by the act of the assignor, it was competent for the court to furnish the relief accorded in this case. In our judgment, the instrument in question was nothing more nor less than a transfer of the interest which the mortgagor had as against the various

tenants. They were claims, either existing or to exist, to pay the mortgagor specified sums. The only matter introduced in the document which it is claimed tends to show that it was the intention of the parties to convey an interest in real estate is the provision appointing W. M. Prindle & Co. attorneys in fact to take possession of, the premises and buildings, lease the same, and, if necessary, to eject tenants therefrom. We cannot concede that, because the agent was authorized to take possession for the purpose of collecting rents to be applied upon the indebtedness, there was necessarily a conveyance of any interest in the real estate, as contended for by appellants. The possession there authorized was simply in furtherance of the design of the parties for the collection of the rents, and therefore we do not think this provision in the assignment is in conflict with G. S. 1894, § 5861.

If it clearly appears from the instrument that it was the intention of the parties, for a valuable consideration, that the rents accumulating from month to month should be collected and applied upon the indebtedness, the mere grant of the power of possession for the purpose of enforcing that object would not be permitted to change that intent. It is immaterial whether, under this instrument, the mortgagee would be deemed to be a mortgagee in possession if it became necessary to take possession in order to collect the rents, or whether he became a mere assignee of the rents. The granting to him of the additional power to enter into possession, if necessary, did not change the character of the instrument; and we think it is well supported by authority that accruing rents may be assigned for a valuable consideration, and that the assignee acquires all the rights and powers of the assignor with reference to the collection and application thereof. Harris v. Taylor, 35 App. Div. (N. Y.) 462, 54 N. Y. Supp. 864; Riley v. Sexton, 32 Hun, 245; Sexton v. Breese, 135 N. Y. 387, 32 N. E. 133; Cargill v. Thompson, 57 Minn. 534, 59 N. W. 638.

The findings of the court to the effect that the assignment was executed in consideration of the extension of the time of payment of the original indebtedness is supported by the evidence, and the refusal of the court to find that the execution of the instrument was procured by undue influence exerted on the part of the mort-

gagee is also justified by the record. The original mortgage provided that, in case of default, the mortgagee might take possession of the premises, collect and apply the rents upon the indebtedness; but the record shows that the mortgagee did not take possession under that clause, and is asserting no rights thereunder, but rests entirely upon the execution of the instrument which, in this action, it seeks to foreclose. At the time this assignment was executed, and the mortgage had become due, a large sum had accumulated, and remained unpaid. For two or three years the mortgagor had collected and paid over the rents to the mortgagee for the purpose of applying the same upon the indebtedness, and, in consideration of the execution of this assignment, appellants secured an extension of time. From all this it appears that the assignment of the rents was regarded as a matter independent, and without reference to any of the mortgage provisions. The claim that appellants were acting under the mortgage is unsupported by the evidence.

There was no error in the refusal of the court to find who had been in possession of the mortgaged premises. The record discloses the fact that appellants occupied a portion of them as their homestead, and it is immaterial that they remained in possession, either actually or constructively. The rights of the parties were determined by the instrument, and not by the fact of possession.

The other assignments of error require no special attention. We have examined them all, and do not find them well taken.

Order affirmed.