SANFORD *v.* NEWELL.

1. RECEIVERS—EQUITY—DENIAL OF PLAINTIFF'S ALLEGATIONS.
    It is the rule that plaintiff, the equities of whose bill have been fully met and denied, is not entitled to the appointment of a receiver unless he overcomes the denials in such answer by further proof in support of his bill.

2. SAME—CANCELLATION OF INSTRUMENTS—PRELIMINARY HEARING.
    In a suit by the heirs of the grantor to set aside a conveyance of property, the consideration for which in part was the grantor's support, where defendant, who was in possession under a recorded title *prima facie* valid, had filed a verified answer denying plaintiffs' bill, a decretal order appointing a receiver with authority to take possession of the property, and collect the rents, made upon a preliminary hearing and after granting a preliminary injunction, was unauthorized.

Appeal from Kalamazoo; Weimer, J.   Submitted October 23, 1918.   (Docket No. 102.)   Decided December 27, 1918.

Bill by Eugene Sanford and another against George B. Newell to set aside a deed.   From an order appointing a receiver pending the trial, defendant appeals. Reversed.

*Jackson & Fitzgerald* (*Weston & Fox,* of counsel), for plaintiffs.

*Lincoln H. Titus,* for defendant.

STEERE, J.   Susan Rosa, who died on July 24, 1918, at the age of 85 years, was for a long time owner of certain real estate, stated to be worth from $15,000 to $18,000, located in the county and city of Kalamazoo.   It consisted largely of houses and lots in the city which were rented to and occupied by tenants. On November 10, 1917, she executed deeds conveying this property to defendant George B. Newell, reserving to herself a life estate in one description where she resided.   George B. Newell knew her for some 20 years and had made his home with her for about four years.   He is the divorced husband of Elizabeth Newell, a niece of deceased.   She and her coplaintiff, Eugene Sanford, a nephew of deceased, constitute the only heirs of said Susan Rosa.   On the date said deeds were made George B. Newell, as part of the consideration therefor, entered into a written agreement with Susan Rosa to care for her during the remainder of her life, in health and sickness, with proper nursing and medical attendance, and upon her decease provide that she was properly buried beside her late husband in the burial lot which she owned.

Shortly after Susan Rosa's death plaintiffs filed a verified bill of complaint for the purpose of setting

aside said deeds to defendant, alleging as grounds therefor that deceased was no relation to George B. Newell, was aged and infirm, weak-minded and mentally incompetent to execute the said conveyances understandingly, that the same were procured by fraud and undue influence exercised by said Newell and his attorney; that said Newell had poisoned deceased's mind against plaintiff Elizabeth Newell by false stories concerning her conduct; and that said defendant was a man of questionable habits, insolvent and financially irresponsible. A preliminary injunction was asked restraining defendant from disposing of, incumbering or collecting the rents from said property. At the time of filing said bill plaintiffs also filed a petition asking that a receiver be appointed to take possession and charge of all the real estate described in the bill and collect the rents therefrom, which plaintiffs' counsel state in their brief amounted to about $70 per month. A preliminary injunction was then granted by the trial judge as prayed for, and an order issued requiring defendant to show cause why said petition for a receiver should not be granted.

Defendant thereupon seasonably filed a sworn answer traversing in detail with explanatory denial all accusing allegations of said bill and petition, supported by an affidavit of Richard L. Newham, an attorney of Grand Rapids who drafted and saw to the proper execution of the instruments in question, stating said services were rendered for deceased and at her request, that he was not solicited by or acting as attorney for defendant, denying with recital of circumstances so far as known to him each and every allegation of fraud, conspiracy, deception and undue influence charged in said bill; also by a transcript of the testimony given by Susan Rosa ten days prior to the execution of such instrument in a suit between her

and plaintiffs, referred to in said bill, claimed to re-
fute the charge of mental incompetency.

After hearing parties upon said petition the trial
court entered a decretal order appointing a receiver
for said property with authority, upon giving proper
bond, to take charge of the same, collect the rents, pay
taxes, insurance, etc., and directing defendant to sur-
render possession thereof to said receiver; said order
being in part as follows:

"It is further ordered that the defendant George
B. Newell deliver up to said receiver the possession of
any and all of the real estate within five days from
service upon said defendant of a certified copy of this
order and the filing of said bond, and shall at the said
time give to said receiver a list of the tenants occupy-
ing the said premises, with an accurate statement of
the dates at which the respective rents are paid, and
the amount of the rent payable by each of said
tenants."

Further directing that the receiver as such might
bring any suit found necessary in performance of his
duties in that connection.

From this order defendant has appealed to this
court claiming the same to be illegal and void because
it removes defendant from the peaceful possession of
premises which he holds and controls under a claim
of ownership based on a record title by *prima facie*
valid conveyances which, though attacked by plain-
tiff's bill in a suit now pending, have not been set
aside or held invalid after due hearing upon pleadings
and proofs, and the order in effect is a premature ad-
judication of the merits of the controversy before
trial.

This appeal is from an order appointing a receiver
over real estate in advance of the hearing, against a
defendant in possession claiming under a recorded
legal title, upon an interlocutory petition of plaintiffs
out of possession, claiming no privity of ownership

or associated interests with defendant. Beyond that the issues of this unadjudicated case are yet pending in the trial court and not for consideration here.

Upon the general proposition of the propriety of dispossessory orders in pending cases, it was broadly stated by Justice CAMPBELL in *Tawas, etc., R. Co.* v. *Iosco Circuit Judge,* 44 Mich. 479:

"It has been decided repeatedly that any decree or order divesting possession or rights on a preliminary inquiry is illegal and void, so that no one need respect or obey it. *People* v. *Simonson,* 10 Mich. 335; *Port Huron, etc., R. Co.* v. *St. Clair Circuit Judge,* 31 Mich. 456; *Salling* v. *Johnson,* 25 Mich. 489; *McCombs* v. *Merryhew,* 40 Mich. 721; *Arnold* v. *Bright,* 41 Mich. 207.

"Any such order made in an equity case is a final decree and appealable as such. *Barry* v. *Briggs,* 22 Mich. 201, and above cases."

And in *Toledo, etc., R. Co.* v. *Detroit, etc., R. Co.,* 61 Mich. 9:

"Whatever rights a complainant may have in other courts, or in other ways, a court of equity cannot change the possession of lands in conflict from one party to another until the merits have been finally passed upon."

In that connection, however, it may be added that while not questioning the generally recognized broad power of equity courts in rare cases, of special emergency, where imminent danger of loss of the *corpus* of the litigation or irreparable injury is clearly shown, to interpose a receiver against the possession of real estate held under color of title, this court has consistently emphasized that the power of dispossessing a defendant by receivership *pendente lite* should be exercised with extreme caution in all cases, and adhered to the wide distinction between disturbing by receivership the peaceable possession of real estate at the instance of a party out of possession not in privity

with the defendant in possession under claim of right, and cases where such relief is asked for the conservation *pendente lite* of claimed personal property involved in litigation.

The direct subject or *corpus* of this suit is real estate in possession of defendant under a recorded fee title *prima facie* valid. A *lis pendens* would have protected plaintiffs' claimed rights against the world from alienation or incumbrance. The court had further guarded the same by a preliminary injunction. The only possible claim or excuse for dispossessing defendant by an advance order for a receiver was the claimed possible loss to plaintiffs of the comparatively small amount of rent which might accrue before the case was heard by reason of defendant's charged insolvency, which he denied under oath. When this order was made appointing a receiver and dispossessing defendant he had filed his answer fully meeting and denying under oath the equities of plaintiffs' bill and the case was ripe for hearing, no replication being now required. The general rule as to the effect of a verified answer on an application for appointment of a receiver prior to trial of the suit on its merits is stated as follows in 34 Cyc. p. 133:

"It is a well established rule that plaintiff, the equities of whose bill have been fully met and denied, is not entitled to the appointment of a receiver, unless he overcomes the denials in such answer by further proof in support of his bill. In other words, where the equities of plaintiff's bill have been fully met and denied by a sworn answer on behalf of defendant, the court has no discretion, and its appointment of a receiver in such case is unauthorized."

The alleged and charged grounds for relief asked in plaintiffs' bill are met and positively denied by defendant's answer and supporting affidavits. How strong plaintiffs' case, or how weak the defense may ultimately prove to be upon the hearing is not to be

considered or prejudged upon this appeal. Defendant is shown by these pleadings to be in possession of real estate as owner under a record title *prima facie* valid. The effect of this order is to dispossess him of the property and deprive him of all dominion over it. Upon this record, "such an order, made upon a preliminary hearing, cannot be sustained." *Woodmansee* v. *Ann Arbor Brick Co.,* 164. Mich. 688, and cases cited.

The order appealed from is therefore reversed and held for naught, with costs of the appeal to defendant, and the case remanded to the circuit court for hearing, or such other further proceedings as may be in harmony with this opinion.

BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred. OSTRANDER, C. J., did not sit.