NATIONAL LUMBERMANS BANK v. LAKE SHORE MACHINERY CO.

1. Receivers—Consent to Appointment of Receiver—Statutes.
   Unless all creditors and interested parties consent to appointment of receiver of going concern, such appointment may not be made unless allowed by law (3 Comp. Laws 1929, § 13944, subd. 3).

2. Same—Receivership Ancillary Remedy Only.
   Appointment of receiver by equity court may be made only as ancillary to other relief sought in bill of complaint (3 Comp. Laws 1929, §§ 15129, 15318, 15322, 15331).

3. Same—Parties—Judgment Creditors Not Parties Allowed to Intervene.
   Where all creditors of going concern were not made parties to suit for appointment of receiver, and did not consent thereto, judgment creditors should have been permitted to intervene and object to such appointment (3 Comp. Laws 1929, § 13944, subd. 3).

Appeal from Muskegon; Vanderwerp (John), J. Submitted September 20, 1932. (Docket No. 176, Calendar No. 36,869.) Decided December 6, 1932.

Bill by National Lumbermans Bank against Lake Shore Machinery Company, a Michigan corporation, for appointment of a receiver and to enjoin levy by judgment creditors. Brown & Bigelow, a Minnesota corporation, and others, judgment creditors, petition to intervene and set aside receivership. From order enjoining levy, interveners appeal. Reversed.

*Cross, Foote & Sessions,* for plaintiff.

*Harold H. Smedley,* for interveners.

SHARPE, J. Plaintiff filed a bill of complaint alleging: That it is a creditor of the defendant in the sum of $19,729.35, and that defendant is indebted to others in the sum of approximately $13,000; that "defendant is engaged in the business of jobbers of machinery and mill supplies;" that its assets, as shown by its books, have a value in excess of its indebtedness, but that during the last two years its business has been conducted at a loss of upwards of $23,000; that it is unable to borrow money or acquire further capital to use in the payment of its obligations, although it has sufficient assets, when converted into money, to meet them and continue its business; that several suits have been instituted in justice's court on behalf of defendant's creditors, and that if executions are issued and levies made thereon defendant will be compelled to cease operations; that—

"unless a receiver is appointed by this court to take complete control of the assets and affairs of said defendant and to operate its business, if necessary, severe financial losses will be suffered by this plain-

tiff and all other of defendant's creditors and other interested parties;''

and that it believes that—

''if a receiver is appointed to handle the affairs of the said defendant and operate its business, if necessary, the claims of all of the creditors of said defendant may be paid in full.''

It concluded with a prayer for relief, asking that the Bankers Trust Company, of Muskegon, be appointed such receiver.

The defendant, Lake Shore Machinery Company, answered, admitting the truth of the allegations in the bill, and consenting to the appointment of the receiver. Upon the filing of this answer, the Bankers Trust Company was so appointed with the powers usual in such cases. About two months thereafter, certain of the creditors petitioned the court for leave to intervene, file an answer, ''and object to the appointment of a receiver.'' An order was entered denying this petition, from which this appeal has been taken.

The question presented and argued by counsel in their briefs is whether the court had the power to appoint the receiver.

There are doubtless many cases in which it is in the interest of creditors to have a receiver appointed to take charge of a going business which has an indebtedness, and, under the direction of the court, handle its affairs and dispose of its assets, rather than to have them sacrificed by sales under executions or proceedings in bankruptcy, and this may be one of them. But, unless all the creditors and interested parties consent, or the facts and circumstances are exceptional, as in *Edison* v. *Fleckenstein Pump Co.*, 249 Mich. 234, such an appointment may not be made unless ''allowed by law.'' Subsection 3,

§ 13944, 3 Comp. Laws 1929; *Hazeltine* v. *Granger,* 44 Mich. 503. There are many provisions in our statutes for appointment of receivers in certain actions. 3 Comp. Laws 1929, §§ 15129, 15318, 15322, 15331.

It seems to be well established that such an appointment can be made only as ancillary to other relief sought in the bill of complaint.

"Ordinarily, unless perhaps in the case of infants or lunatics, a suit must be actually pending to justify a court of equity in appointing a receiver." High on Receivers (4th Ed.), § 17.

"As a general rule, a receivership is a purely ancillary remedy and cannot be maintained in a proceeding instituted solely for that purpose." 23 R. C. L. p. 11.

"Unless the case is within a statute providing for the appointment of a receiver upon his application, a general or simple contract creditor who has not reduced his claim to judgment, who has no right or interest in, or lien upon, the property of the debtor, and whose interest or position does not differ from that of any other ordinary creditor, has no standing to obtain the appointment of a receiver of such property." 53 C. J. p. 29.

"The order appointing a receiver was void, for the reason that it was made when there was no suit pending." *Merchants & Manfrs. Nat'l Bank* v. *Kent Circuit Judge,* 43 Mich. 292, 296.

"This appointment of a receiver, even if one could have been appointed at any stage of the case, was absolutely void, as the bill had not been filed and no suit commenced at the time." *Jones* v. *Schall,* 45 Mich. 379, 380.

In view of the law as thus stated, it will be seen that our holding in *Corliss* v. *Clinton Circuit Judge,* 212 Mich. 476, and *Grand Rapids Trust Co.* v. *Car-*

*penter*, 229 Mich. 491, relied on by plaintiff, are in no way controlling.

The order denying the motion to intervene is reversed and set aside, with costs, and the cause remanded, with direction to permit such intervention.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.