STATE EX REL. E. N. NELSON AND OTHERS v. DISTRICT COURT OF RAMSEY COUNTY AND ANOTHER.[1]

November 16, 1934.

No. 30,190.

John B. Richards, for relators.
Hallam & Hendricks, for respondents.

HILTON, Justice.

Mandamus to compel the district court of Ramsey county to remand to the district court of St. Louis county all the pleadings and papers in an action brought in the latter court by five of the stockholders of the Northland Life Insurance Company, a corporation, on behalf of themselves and all other stockholders similarly situated. The action was against Northland Life Insurance Company, Modern

[1]Reported in 257 N. W. 277.

Life Insurance Company, a corporation, and Herbert T. Lundgren. The latter resides in St. Louis county, and defendant Modern Life Insurance Company resides in Ramsey county. The residence of the Northland Life Insurance Company is in dispute, plaintiffs contending its residence is in St. Louis county and defendants that it is in Ramsey county. All defendants joined in a demand that the venue be changed from St. Louis county to Ramsey county, and the pleadings and papers in the case were transmitted to the district court in the latter county. Plaintiffs moved the Ramsey county court, on order to show cause, to remand the case to St. Louis county, which motion was denied, and this proceeding followed to compel such remand. An order to show cause why said relief should not be granted was issued by this court.

The place where various kinds of actions are to be instituted is provided for by statute. 2 Mason Minn. St. 1927, §§ 9206-9214. Sections 9207 to 9213, inclusive, refer to specific kinds of actions, including actions involving real estate, replevin, official misconduct, etc. Section 9214 provides that all other actions not enumerated in those sections "shall be tried in a county in which one or more of the defendants reside when the action was begun." Section 9206 provides that every civil action except as provided in § 9207 (referring to real estate) "shall be tried in the county in which it was begun, unless the place of trial be changed as hereinafter prescribed; * * *." Section 9215 authorizes a change of venue and provides:

"If there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding, * * *."

Where the statute last above quoted is complied with, the place of trial must be changed to the county demanded though the action was brought in a county where one or more of them reside. Chadbourne v. Reed, 83 Minn. 447, 86 N. W. 415; and the filing of proof of proper demand *ipso facto* removes the cause to the county so demanded. State ex rel. Hanson v. District Court, 152 Minn. 540, 188 N. W. 161; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10125. Relators contend that one of the defendants (Lundgren) is but a

nominal party and therefore should have no voice in the choice of the place of trial. That contention might be correct if asserted by one of the other defendants. State ex rel. Child v. District Court, 85 Minn. 283, 88 N. W. 755. However, it is not material here, for the statute requires only that a majority of the defendants join in the demand.

Whether the residence of the Northland Life Insurance Company is in St. Louis county or Ramsey county cannot affect its right to join in a demand for the change of the place of trial nor destroy the efficacy of such demand. Relators, however, contend that because one of the reliefs prayed for in the complaint is the appointment of a receiver for the Northland Life Insurance Company the question of the place of its residence becomes important, as district court rule 23(a), 175 Minn. xlv, Mason Minn. St. 1934 Supp. p. 774, provides that proceedings for the appointment of receivers shall be instituted in the county in which the principal place of business of the corporation is situated. That rule was undoubtedly intended to apply where the sole or the main relief sought was the appointment of a receiver. It does not apply in a case such as this, where there are several defendants and where the appointment of a receiver is but an incident to the main controversy. The inclusion in a complaint of a request for the appointment of a receiver of one of three defendants cannot destroy the right, of at least the other two defendants, to have the venue changed to the county of their joint choice.

Peremptory writ denied and order to show cause discharged.