FRANCIS MARTIN, INC. v LOMAS

1. Pleading—Amendment of Pleading—Prejudice—Court Rules.

Leave to amend a pleading is to be freely granted by the court when justice so requires, absent prejudice to the opposing party (GCR 1963, 118.1).

2. Pleading—Amendment of Pleading—Prejudice.

A plaintiff was improperly denied the opportunity to amend its pleadings to reflect its true corporate name where the defendant had not yet filed a responsive pleading, the defendant had dealt with the plaintiff before, knew the plaintiff by the name in which the first pleading was filed, and would not have been surprised or prejudiced by the amendment.

3. Receivers—Other Claims—Showing of Harm.

A party may not bring an action solely to set up a receivership, but once an action on another claim has been commenced, either party may move to set up a receivership; however, a receivership may be ordered only where there is a strong showing of harm.

4. Receivers—Ordering of Receivership—Reasons.

A trial court properly ordered a receiver to run an apartment building, upon motion of a mortgagee bank, where the bank had foreclosed on the purchaser's mortgage, the purchaser had defaulted on a promissory note to the bank, the trial judge had tolled the redemption statute only two days before the purchaser would have lost all rights in the building, and the purchaser had allowed various mechanic's liens to be attached to the building, had failed to pay any real estate taxes on the property or to obtain any insurance on the building, and was still receiving rent from tenants of the building.

Appeal from Livingston, Paul R. Mahinske, J.

References for Points in Headnotes

[1, 2] 61 Am Jur 2d, Pleading §§ 317, 318.

[3] 66 Am Jur 2d, Receivers § 488.

[4] 65 Am Jur 2d, Receivers § 117.

Submitted June 5, 1975, at Lansing. (Docket No. 21586.) Decided July 22, 1975.

Complaint by Francis Martin, Inc. against Charles F. Lomas, Harold Dickieson, and The Brighton State Bank for specific performance of a sales agreement and for damages for abuse of process and fraud in the issuance of a mortgage commitment and the securing of a writ of attachment. Accelerated judgment for defendants. Plaintiff appeals. Reversed and remanded.

*McGinty, Rosewarne & Halverson,* for plaintiff.

*Van Winkle & Van Winkle,* for The Brighton State Bank.

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

J. H. GILLIS, J. Plaintiff-appellant brought an action in the lower court against the appellees for the specific performance of a sales agreement. Under this alleged agreement, appellant was to sell an apartment building to appellees, Lomas and Dickieson, with the mortgage to be handled by appellee, Brighton State Bank (hereinafter referred to as "Bank"). Additionally, appellant pled a cause of action against appellee Bank for abuse of process and/or fraud in the issuance of a prior mortgage commitment and the securing of a writ of attachment in a separate action. Appellant also pled an equity action requesting that the foreclosure sale of the building in question, made pursuant to the Bank's foreclosing on appellant's mortgage, be nullified. This sale had occurred on March 30, 1973.

Appellant's original complaint in the instant

case was served on all parties on September 21, 1973. For the purpose of securing a restraining order tolling the running of the statutory redemption period in the foreclosure action,[1] appellant served its first amended complaint on September 28, 1973. On October 15, 1973, appellee Bank filed a motion for accelerated judgment, claiming that Francis Martin Enterprises, Inc. lacked the capacity to sue because there was no such corporation in Michigan. While the parties were awaiting the trial judge's decision on the accelerated judgment motion, the Bank filed a motion for the appointment of a receiver. On January 30, 1974, the motion for a receivership was granted, the court ordering one instituted in ten days from that date.

On June 17, 1974, the trial judge granted the Bank's motion for accelerated judgment, and denied appellant's motion to amend its complaint. On appeal, appellant contends that the trial judge abused his discretion in granting the accelerated judgment and in appointing the receiver. We deal first with the propriety of the accelerated judgment.

The record reveals that Francis Martin, Inc. is a corporation duly registered with the State of Michigan. It is also clear that this corporation usually referred to itself as Francis Martin Enterprises, Inc. This corporation had transacted many deals with appellee Bank, always under the name of Francis Martin Enterprises, Inc. When the corporation sued the Bank, it did so under the name it normally used, Francis Martin Enterprises, Inc. After the corporation filed its first amended complaint, the Bank sought accelerated judgment, claiming that Francis Martin Enterprises, Inc. was

[1] Under MCLA 600.3240; MSA 27A.3240, appellant was allowed six months to redeem its property after foreclosure sale.

a nonexistent body in Michigan. Appellant acknowledged this to be true, and sought leave to amend its complaint so that it would read "Francis Martin, Inc." The trial judge refused to allow the amendment because it would "allow a new party to be brought into the suit".

GCR 1963, 118.1 allows a party to amend its pleading once as of right so long as the amendment occurs within 15 days after the other party files responsive pleadings, or if responsive pleadings are not required, then within 15 days after the original pleading is served. After one amendment, the party may amend further only by leave of the court. Leave is to be freely granted "when justice so requires".

In *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973), our Supreme Court stated that the purpose of GCR 1963, 118.1 is to facilitate the amendment of pleadings, except where prejudice to the opposing party would result. The court explained that such prejudice could appear in the form of surprise, undue delay, bad faith, or undue prejudice to the opposing party by virtue of the magnitude of the amendment. Absent such prejudice, leave should be freely granted.

In the instant case, we fail to see how this requested amendment could have prejudiced the Bank. The lawsuit was still in its first stages, no responsive pleading had yet been filed by defendants. More importantly, the Bank cannot legitimately claim that the amendment would have surprised them in any manner. They had dealt with appellant before, they knew that appellant frequently referred to itself as Francis Martin Enterprises, Inc. The failure of the trial judge to grant the amendment did nothing more than exalt form over substance and deny appellant its day in

court. See *St. Matthew's Evangelical Lutheran
Church v United States Fidelity and Guaranty Co,*
222 Mich 256; 192 NW 784 (1923). For that reason
we find the granting of the accelerated judgment
to have been an abuse of discretion.

Appellant also contends that the trial judge
erred in setting up the receiver to run the apart-
ment. It is first argued that since appellee Bank
filed no cross-claim in this case, it cannot petition
the court to set up a receiver. Appellant bases this
claim on the rule of *National Lumbermans Bank v
Lake Shore Machinery Co,* 260 Mich 440; 245 NW
494 (1932), which holds that a motion for appoint-
ment of a receiver may be made only as ancillary
to other relief sought in the bill of complaint. Our
reading of *National Lumbermans Bank, supra,*
indicates only that a plaintiff may not bring an
action solely to set up a receivership. Once an
action on another claim has been commenced,
either party may move to set up a receivership.
*National Lumbermans Bank, supra.*

It is also true, as appellant argues, that Michi-
gan courts should be slow to order receiverships.
*Sanford v Newell,* 204 Mich 91; 169 NW 941
(1918), *National Lumbermans Bank, supra.* A
strong showing of harm is required. In this case,
however, we believe that appellee has made such a
showing.

It is noteworthy that appellant commenced this
suit one week before the statutory right to redeem
would have expired. The trial judge ordered the
six-month limit tolled only two days before it
ended. Had he not done so, appellant would have
irrevocably lost any right it had in the property.
Furthermore, we note that appellant's past per-
formance in this matter was unimpressive. It had
defaulted on a promissory note given to the Bank

some six months before suit was commenced. No payments on this note were ever made. Various mechanic's liens were permitted to be attached to the building. Appellant also admits that it failed to pay any real estate taxes for the property and also failed to procure any insurance for the apartment. It conceded that it was receiving rent from tenants of the apartment but was not applying the rent towards the note, insurance or taxes. The trial judge allowed appellant ten days to meet its obligations, and set up the receiver only after it failed to do so.

Because of appellant's prior failure to meet its financial obligations, and because appellant would have lost all rights to the building had the judge not tolled the redemption statute, we hold that the judge did not abuse his discretion in ordering the receivership.

Reversed and remanded for trial. Costs to appellant.