## STATE MUTUAL LIFE ASSURANCE COMPANY OF AMERICA v. FRANTZ KLODT & SON, INC., AND OTHERS.

237 N. W. 2d 354.

November 21, 1975—Nos. 45727, 45749.

*Faegre & Benson, James A. Dueholm,* and *Thomas L. Kimer,* for appellant.

*Rosen, Kaplan & Ballenthin* and *William S. Rosen,* for respondent Franklin Park Towers Corporation.

PER CURIAM.

Appeal from an order of the Hennepin County District Court denying appellant's motion for an appointment of a receiver pendente lite.[1] We affirm.

This case involves an apartment complex on East Franklin Avenue in Minneapolis. Construction was financed by a $1,900,000 loan, evidenced by a note dated November 27, 1968, between respondents Franklin Park Towers Corporation (Franklin Park) and Frantz Klodt & Sons, Inc. (FKSI) as makers, and the First National Bank of Minneapolis (First National) as payee. The loan is secured by a mortgage and an assignment of rents executed on the same date, between the same parties.

Eventually the note, mortgage, and assignment of rents were assigned by First National to appellant, State Mutual Life Assurance Company. Franklin Park acquired full record title to the property in December 1973 by a quitclaim deed from FKSI.

The evidence indicates that the monthly payments on the promissory note for May through September 1974 have not been paid, along with unpaid real estate taxes and special assessments due October 31, 1974.

On August 7, 1974, appellant sued to foreclose the mortgage and enforce the assignment of rents. On January 13, 1975, while the case was pending and prior to the foreclosure sale, appellant

---

[1] Appellants petition for discretionary review is granted pursuant to Rule 105.01, Rules of Civil Appellate Procedure.

brought a motion for appointment of a receiver to collect the rents in order to pay real estate taxes and assessments, insurance, and repairs, as provided for in the assignment. Appellant argued that it was entitled to a receiver as a matter of law. The only evidence presented on the issue of the equitable reasons justifying the appointment of a receiver came in opposition to the motion from respondents.

The lower court denied the motion on the basis that the three-part equitable showing of (1) waste, (2) insolvency of the mortgagor, and (3) inadequacy of security was required and that without such proof the mortgagor was entitled to retain the rents, profits, and incidents of ownership of the property until the redemption period has run.

The same issue is presented here as was presented in the companion case of Mutual Benefit Life Ins. Co. v. Frantz Klodt & Son, Inc. 305 Minn. 244, 237 N. W. 2d 350 (1975): Whether a receiver must be appointed pendente lite upon application of the assignee to enforce an assignment-of-rents agreement as a matter of law, without a showing of waste, mortgagor insolvency, and inadequacy of the debt security.

We disagree with the position taken by appellant based on the reasoning set forth in the companion case, which applies with equal force here. Under the language and judicial interpretation of Minn. St. 576.01(1), the decision to appoint a receiver is within the discretion of the lower court. The appointment of a receiver pendente lite is not a matter of right, as appellant would have us decide. Rather, a party requesting the appointment must clearly make an equitable showing. That showing usually will consist of evidence of waste, mortgagor insolvency, and inadequate security. The court should proceed cautiously where there is no overriding need for the receiver or where the party requesting his appointment has an adequate remedy at law.

The assignment-of-rents agreement involved in this case was executed in November 1968, prior to the enactment of the 1969

amendment to Minn. St. 1967, § 559.17.[2] Thus the statute and its case-law interpretation as it existed prior to the amendment controls this case, and the amendment has no relevance. We have held that this statutory language rendered unenforceable an agreement in a mortgage to give the mortgagee possession of the premises in event of default, and that an assignment of rents from the mortgaged premises for application against the mortgage debt constituted a grant of possession, and thus was also invalid. Erickson-Hellekson-Vye Co. v. A. Wells Co. 217 Minn. 361, 15 N. W. 2d 162, 459 (1944).

The assignment here allowed the mortgagee to take possession upon default,[3] and even prior to default. The assignment of rents was not given only for the then limited and allowable purposes of paying real estate taxes and assessments, insurance premiums, and repairs. However, even for such purposes, it would not be construed as granting possession as a matter of right to the mortgagee upon default prior to the end of the redemption period.[4] The assignment purported to give the mortgagee the rents as additional security for the mortgage itself.[5] As such,

---

[2] Minn. St. 1967, § 559.17 provided: "A mortgage of real property is not to be deemed a conveyance, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure."

[3] "NOW, THEREFORE, in consideration of these presents and the mutual agreements herein contained *and as further and additional security to the mortgagee,* the undersigned do hereby presently sell, assign, transfer, set over and grant to the mortgagee *during the life of these presents and also during any proceedings brought to enforce the mortgage:*

\* \* \* \* \*

"2. The right to the use and possession of the premises and all the rents \* \* \*." (Italics supplied.)

[4] Mutual Benefit Life Ins. Co. v. Canby Investment Co. 190 Minn. 144, 251 N. W. 129 (1933).

[5] "\* \* \*[H]ereby granting full power and authority to the mortgagee to use and apply said rents, losses or rebates, damages and/or abatements, to the payment of any taxes, assessments and charges of any nature whatsoever that may be levied or assessed in connection with

it is invalid as a grant of possession and unenforceable. Despite the fact that this assignment would be valid under the 1969 amendment to § 559.17,[6] it is invalid since it was created prior to the statutory change and the present statute will not be applied retroactively.[7]

The case heavily relied upon by appellant, Farmers Trust Co. v. Prudden, 84 Minn. 126, 86 N. W. 887 (1901), is distinguishable on several points. The assignment-of-rents agreement there was upheld as not giving the mortgagee possession because it was executed separately and subsequently to the mortgage itself, was supported by a separate consideration, and was not given as security for the mortgage debt. However, here the assignment was executed at the same time as the mortgage, was supported by the same consideration, and was given as additional security for the mortgage. We find the assignment-of-rents agreement to be so closely connected with the mortgage itself, making Prudden clearly distinguishable.

Assuming that the assignment of rents in the present case was valid for the limited purposes we have previously mentioned, Prudden is not authority for the proposition that such an assign-

---

the premises, to the payment of premiums on such policies of insurance on or in connection with the whole or any part of the premises * * * *to the payment of any or all indebtedness, liability or interest of the undersigned and/or the mortgage, whether now existing or hereafter to exist * * *.*" (Italics supplied.)

[6] Minn. St. 559.17 now provides: "A mortgage of real property is not to be deemed a conveyance, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure. *Nothing contained herein shall be construed to prevent a mortgagor from assigning, as additional security for the debt secured by the mortgage, the rents and profits from the mortgaged real property, and such an assignment shall be valid whether contained in the mortgage instrument itself or in a separate instrument.*" (Italics supplied indicating 1969 amendment.)

[7] Minn. St. 645.21 sets out the presumption against the retroactive application of statutes. See, also, Cooper v. Watson, 290 Minn. 362, 187 N. W. 2d 689 (1971).

ment, standing alone, creates a right to the appointment of a receiver merely upon a showing that the taxes and insurance premiums have not been paid. Prudden did not discuss the appropriateness of the appointment of the receiver, although the trial court in that case in the exercise of its discretion did appoint a receiver. That trial court also found that the mortgage was inadequate security. Here the trial court in the exercise of its discretion refused to appoint a receiver and made no finding that the security was inadequate.

Since the assignment-of-rents agreement involved here is invalid as an attempt to give the mortgagee-appellant possession prior to the end of the mortgagor's period of redemption, in violation of Minn. St. 1967, § 559.17, any conceivable right which appellant had to request a receiver, based on that assignment, also falls.

The order of the district court denying a receiver pendente lite is affirmed.

Affirmed.