### In re PAVILION PLACE ASSOCIATES, Debtor.

**Bankruptcy No. 3–88–1444.**

United States Bankruptcy Court, D. Minnesota.

Aug. 15, 1988.

William Kampf, Minneapolis, Minn., for debtor.

Allen I. Saeks, Michael A. Nekich, Minneapolis, Minn., for Central Pension Fund of Intern. Union.

## ORDER FOR JUDGMENT

DENNIS D. O'BRIEN, Bankruptcy Judge.

The above-entitled matter came on for hearing on July 18, 1988, for determination of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers' (Fund) interest in post-petition rents generated by real estate owned by the Debtor. Appearances were as noted in the record. Based on Stipulation of Facts, arguments and memoranda of counsel, and on all the records and files herein, the Court now makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

I.

Pavilion is indebted to the Fund on two promissory notes in the total amount of $13,700,000.00. The notes are secured by mortgages of Pavilion Place (retail mall shopping center). Each mortgage also contains an assignment of rents. The mortgages were duly recorded with the Ramsey County Registrar of Titles on October 21, 1986.[1] The Debtor subsequently defaulted on the notes. On March 9, 1988, the Fund took steps to notify Pavilion of mortgage foreclosure sale, and to publish notice as required by Minnesota Real Estate Foreclosure laws. On March 10, 1988, the Fund recorded its Notice of Pendency and Power of Attorney regarding the foreclosure with the Ramsey County Registrar of Titles. Pavilion filed its Chapter 11 petition the next day.

The issue in this proceeding is whether the Fund has, in light of the bankruptcy filing, a valid assignment of rents. The Debtor argues that under MINN.STAT. § 559.17 an assignment of real estate rents is fully created, or at least perfected, only upon the assignees' compliance with Subd. 2, (3)(a) or (b).[2] Until then, Debtor claims, the assignment is nothing more than an inchoate interest in the real estate to which it pertains. Because statutory compliance was not accomplished prior to filing, Debtor argues, the assignments were not created; or at least they were not perfected. The automatic stay, according to Pavilion, prevents the creation or perfection post-petition, and § 544 allows the Debtor to avoid the interests to the extent that they exist.[3]

The Fund argues that the assignments are valid under Minnesota law and were created upon the date of execution and delivery of the mortgages and separate assignments. Perfection, the Fund argues, was accomplished upon recording the doc-

1. Additionally, separate assignments of rents were executed by the Debtor covering the mortgaged property. Those assignments were also recorded on October 21, 1986.

2. Debtor argues that since the assignments at issue in this proceeding provided for the appointment of a receiver, they could only be created or perfected by compliance with MINN.

STAT. § 559.17, Subd. 2, (3)(a). The Fund argues that (a) and (b) are not exclusionary methods. That issue is not addressed in this opinion.

3. The parties argue applicability of § 546(b) to the right of post-petition compliance with MINN.STAT. § 559.17, Subd. 2, (3)(a) and (b). That issue is not addressed in this opinion.

uments with the Ramsey County Registrar of Titles.

## II.

MINN.STAT. § 559.17 provides:

Subdivision 1. A mortgage of real property is not to be deemed a conveyance, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure, except as permitted in subdivision 2. The enforcement of an assignment of rents of the type described in subdivision 2 shall not be deemed prohibited by this subdivision, nor because a foreclosure sale under the mortgage has extinguished all or part of the mortgage debt.

Subd. 2. A mortgagor may assign, as additional security for the debt secured by the mortgage, the rents and profits from the mortgaged real property, if the mortgage:

(1) Was executed, modified or amended subsequent to August 1, 1977;

(2) Secured an original principal amount of $500,000 or more; and

(3) Is not a lien upon property which was entirely homesteaded as agricultural property. The assignment may be enforced as follows:

(a) If, by the terms of an assignment, a receiver is to be appointed upon the occurrence of some specified event, and a showing is made that the event has occurred, the court shall, without regard to waste, adequacy of the security, or solvency of the mortgagor, appoint a receiver who shall, with respect to the excess cash remaining after application as provided in section 576.01, subdivision 2, apply it as prescribed by the assignment. If the assignment so provides, the receiver shall apply the excess cash in the manner set out herein from the date of appointment through the entire redemption period from any foreclosure sale. Subject to the terms of the assignment, the receiver shall have the powers and duties as set forth in section 576.01, subdivision 2.

(b) If no provision is made for the appointment of a receiver in the assignment, the assignment shall be binding upon the assignor without regard to waste, adequacy of the security or solvency of the mortgagor, but only in the event of default in the terms and conditions of the mortgage, and only in the event the assignment requires the holder thereof to first apply the rents and profits received as provided in section 576.01, subdivision 2, in which case the same shall operate against and be binding upon the occupiers of the premises from the date of filing by the holder of the assignment in the office of the county recorder or the office of the registrar of titles for the county in which the property is located of a notice of default in the terms and conditions of the mortgage and service of a copy of the notice upon the occupiers of the premises. The holder of the assignment shall apply the rents and profits received in accordance with the terms of the assignment, and, if the assignment so provides, for the entire redemption period from any foreclosure sale. A holder of an assignment who enforces it in accordance with this clause shall not be deemed to be a mortgagee in possession with attendant liability.

Nothing contained herein shall prohibit the right to reinstate the mortgage debt granted pursuant to section 580.30, nor the right to redeem granted pursuant to sections 580.23 and 581.10, and any excess cash, as that term is used herein, collected by the receiver under clause (a), or any rents and profits taken by the holder of the assignment under clause (b), shall be credited to the amount required to be paid to effect a reinstatement or redemption.

The law of assignment of real estate rents in Minnesota has evolved from a narrow and restrictive application. Although always recognized as valid, such assignments were fully enforceable, historically, only if they were given for consideration separate from that given for the mortgage

itself. *See Farmers Trust Co. v. Prudden*, 84 Minn. 126, 86 N.W. 887 (Minn.Sup.Ct. 1901). If there were no separate consideration given, the assignments would be recognized as valid only to the extent used to reimburse the mortgagee for payment of taxes, assessments, interest on prior mortgages, and repair costs.

Full enforcement of these assignments was generally considered to be a violation of the rule against a mortgagee recovering possession of the mortgaged property without a foreclosure. Limited recognition of the assignments to allow use of rents to prevent waste and to safeguard the mortgaged property was an exception to the rule. *See Mutual Benefit Life Ins. Co. v. Canby*, 190 Minn. 144, 251 N.W. 129, 131 (1933). In 1969, the Minnesota legislature expanded the scope of real estate assignments of rents for which no separate consideration was given, to recognize their validity as additional security for mortgage indebtedness. *See* 1969 Minn. Laws, Ch. 711, § 1.

Historically, an assignment of rent given without consideration separate from that given for the mortgage, did not survive a foreclosure sale, unless the sale produced a deficiency. *See Cross Companies v. Citizens Mortgage Inv. Trust*, 305 Minn. 111, 232 N.W.2d 114 (1975). In 1977, the legislature again amended MINN.STAT. § 559.17 to provide for the enforcement of these assignments separate from possession and foreclosure of the real estate, and for enforcement after a mortgage foreclosure sale during the period of redemption.

The present state of the law in Minnesota recognizes assignments of real estate rents as security interests providing additional security for the payment of mortgage notes; and as having an integrity separate and distinct from the mortgages themselves. An assignment of rents under MINN.STAT. § 559.17 results in a security interest in future rents, created by the assigning document. The security interest is perfected upon its recording in the appropriate real estate records of the County Recorder or Registrar of Titles for the county in which the real estate producing the rents is located. Accordingly, the Fund obtained a valid and perfected security interest in future rents of the Debtor produced by its Pavilion Place property on October 21, 1986, upon the recording of the mortgages and separate assignments with the Ramsey County Registrar of Titles.

An enforceable interest regarding an assignment of rents arises in favor of the assignee upon the creation of the security interest. The right to actual enforcement, however, is subject to the occurrence of statutory and contractual conditions precedent. While the conditions precedent might not have occurred as of filing regarding the Pavilion rents, that does not change the fact that the post-petition rents are subject to the Fund's security interest and become its cash collateral under 11 U.S.C. § 363. It is true that the automatic stay prevents the Fund from undertaking steps to enforce its rights in the cash collateral. However, it is equally true that the Debtor is prohibited from using the same cash collateral without first obtaining an order allowing the use pursuant to 11 U.S.C. § 363.

MINN.STAT. § 559.17 has taken the law of assignment of real estate rents out of the dark ages and tooled it for application to modern commercial transactions. The legislature extricated the law from the very legal principles, rules and theories that the Debtor's arguments are premised on, in fashioning the statute. The arguments are not persuasive.

ACCORDINGLY, IT IS HEREBY ORDERED: The Central Pension Fund of the International Union of Operating Engineers and Participating Employers has a valid and continuing assignment of rents in the post-petition rents generated by the real estate of the Debtor that is subject to its mortgages recorded with the Ramsey County Registrar of Titles on October 21, 1986, as Document Nos. 814526 and 814528.

Let Judgment Be Entered Accordingly.